PICKREN v. NORTHCUTT.

Opinion delivered May 13, 1907.

1.  APPEAL—RECITAL OF BOND—ESTOPPEL.—Where judgment was rendered against two defendants, and the record on appeal shows that both appealed, the fact that one of them executed a supersedeas bond reciting that both have appealed will not estop him, in a direct pro-

ceeding to correct the record, from showing that his co-defendant did not appeal.   (Page 52.)

2.   SAME—QUESTION NOT RAISED.—Where the record on appeal was amended in the lower court after the appeal taken, and no appeal was taken from the amending order, that order is not before the court for review on the appeal.   ((Page 53.)

3.   SAME—JUDGMENT ON BOND.—Where the amended record on appeal shows that only one of two defendants appealed, though the appeal bond recites that both did so, there is no authority to render judgment on the bond unless the decree is affirmed as to the defendant who appealed.   (Page 53.)

Appeal from Fulton Chancery Court; *E. G. Schoonover,* Special Chancellor; reversed.

*Sam H. Davidson,* for appellant; *Lehman Kay,* of counsel.

Unless such evidence has been produced as would warrant the court in divesting the title out of appellant Pickren and vesting it in Maude Tracey in a suit between them, it would not be warranted in divesting the title out of Pickren for the benefit of appellees.   The very nature of the relation requires that contracts between parents and children be proved by a kind of evidence that is very different from that which may be sufficient between strangers.   It must be direct, positive, express and unambiguous.   63 Ark. 100.   Equity will not enforce a parol contract for an interest in land except where it is definite and certain in all its parts.   2 Ballard, Real Prop. § 664; 33 Neb. 334; 81 Ia. 84; 104 Mo. 1; 103 Mo. 420; 14 S. W. 805; 15 S. W. 611.   A parol contract for the sale of lands, unaccompanied by possession or the making of lasting and valuable improvements, will not be enforced.   1 Ballard, Real Prop. § § 409, 415, 609; 2 *id.* § § 664-5; 3 *id.* § 700; 6 *id.* § 25.   Payment of the purchase price even is not such a part of performance of an oral contract to convey land as to overcome the plea of the statute of frauds. 5 Ballard, Real Prop. § 824; Pomeroy, Spec. Perf. 164-78; 3 Parsons on Contracts (5 Ed.), 393-4; Story's Eq. Jur. § 760; 1 Ark. 421; 18 Ark. 466; 21 Ark. 533; 5 Tex. 552; 8 Tex. 126; 21 Tex. 436; 42 Tex. 18; 59 Tex. 294; 62 Tex. 335; 29 S. W. 409.

*J. L. Short* and *Murphy, Coleman & Lewis,* for appellees.

1.   The obligor and sureties are estopped to deny the recitals in the bond as any proceeding to enforce liability thereon.

59 Ala. 559; 58 Conn. 429; 4 Idaho, 468; 50 Ill. 174; 59 Ia. 591; 73 Me. 163; 166 Mass. 37; 96 Mich. 228; 73 Miss. 742; 88 Mo. 160; 40 Neb. 447; 124 N. Y. 47; 76 N. C. 489; 51 O. St. 6; 74 Ark. 40; 10 Ark. 500; 45 Ark. 59; 22 Ark. 524; *id.* 528; 11 Ark. 675.

2. The evidence sustains the finding of the chancellor that the consideration passed from Maude Tracy to Pickren, and that she was the equitable owner of the land. Appellant's plea of the statute of frauds has no application. The facts show that there was an exchange of real estate, Pickren taking possession of the hotel, and Mrs. Tracey of the home place. Either party could have sued the other for specific performance.

McCULLOCH, J. Maude Tracey, who is a daughter of appellant J. M. Pickren, executed a note with appellees Northcutt and others as sureties, for the sum of $400 to the Bank of Evening Shade. The payee in the note brought suit on it after its maturity against the maker and sureties, and recovered judgment against them. The sureties were compelled to pay the debt, and they thereupon instituted this suit in chancery against Mrs. Tracey and appellant Pickren, to recover of the former the amount paid by them in satisfaction of said judgment in favor of the Bank of Evening Shade, and to subject to the payment of said debt a certain tract or lot of real estate in Salem, Fulton County, Arkansas, on which is situated a dwelling house, of which said Maude Tracey is alleged to be the equitable owner. It is alleged in the complaint that Mrs. Tracey purchased the lot in controversy from her father, Mr. Pickren, since the rendition of the judgment in favor of the Bank of Evening Shade, but that appellant, Pickren, held the legal title pursuant to an agreement made between him and his daughter Mrs. Tracey for the purpose of defrauding her creditors.

The defendants, Pickren and Mrs. Tracey, filed a joint answer, denying that Mrs. Tracey was the owner, either legal or equitable, of said property, or that there has been any scheme or agreement to defraud the creditors of Mrs. Tracey, and alleging that defendant Pickren was the owner of said property. Subsequently defendant Pickren filed a separate answer containing substantially the same matter.

On final hearing of the cause, the chancellor rendered a

decree in favor of the plaintiffs against Mrs. Tracey for the amount of the debt, interest and cost, declaring said real estate to be her property and subject to the payment of her debts, and ordered the same sold by a commissioner for the satisfaction of the amount decreed to plaintiffs.

The first record of the decree brought here showed that both of the defendants, Mrs. Tracey and Mr. Pickren, appealed to this court, but at a subsequent term of the chancery court the record of the decree was amended by a *nunc pro tunc* order, making it show that Pickren alone appealed, and the additional record has been brought here on writ of certiorari. The amended record recites that Mrs. Tracey was not present at the trial, either in person or by attorney, and did not appeal from the decree. When the appeal was taken, appellant Pickren executed a supersedeas bond with two sureties in the form prescribed by statute, reciting that both defendants had appealed. The order of court correcting the original entry of the decree recited that the bond was intended to have been executed by said appellant, Pickren, to supersede the decree only in his own behalf.

Counsel for appellee insist that the court erred in amending the record, for the reason, as they claim, the entry of the appeal and the giving of the supersedeas bond had the effect of preventing them from enforcing the decree against Mrs. Tracey. The amendment of the record did not alter the terms of the bond. It merely recites a finding by the court that appellant Pickren intended by the bond to effect a supersedeas in his own behalf. The giving of the bond does not estop him, in a direct proceeding to correct the record, from showing the falsity of the record—that Mrs. Tracey had not appealed, and that the record entry was, in that respect, false.

The numerous authorities cited by counsel sustaining the proposition that in a proceeding to enforce liability on a bond the obligor and sureties are estopped to deny its recitals are not applicable to a direct proceeding of this kind to correct a record so as to make it speak the truth.

Proof on the part of the plaintiff that by reason of the supersedeas they had been prevented from enforcing the decree against Mrs. Tracey, that they could have enforced the decree

but for the supersedeas, and that the status had been so changed that they can not enforce the decree, might have estopped the parties, even in the direct proceedings, from seeking a correction of the record. But no such showing is made. It does not appear that the decree against Mrs. Tracey could have been enforced, or that appellees are now in any worse attitude in that respect.

Moreover, the plaintiffs have not appealed from the order amending the record, and that order is not before us for review. As the record now stands, defendant Pickren alone appealed, and we have no authority to render any judgment on the appeal bond unless we affirm the decree against him.

This brings us to a consideration of the question whether or not the decree against appellant Pickren is correct. The plaintiffs introduced proof tending to show that Mrs. Tracey asserted control over the property, that she applied for and obtained a policy of fire insurance on it in her own name, and that appellant at one time seemed to treat the property as hers, or that she had some interest in it. It appears from the testimony that Mrs. Tracey purchased a piece of property in the town of Salem which was occupied as a hotel. She was unable to pay for it, and proposed to appellant, her father, who then occupied it and conducted a hotel therein, that he could have the property if he would pay the debt. He accepted the offer. Mrs. Tracey lived at Mammoth Springs, where she also conducted a hotel. They both testified that appellant agreed to convey the house and lot in controversy, which they call the home place, to her children for a home if she would pay a debt to him for several hundred dollars which she owed him; that the conveyance was not executed, and no part of the debt paid, and that a month afterwards she informed appellant that she could not pay the debt, and did not want the property. It was during this interval that she had the property insured and asserted some claim to it. We do not think the proof sustains a finding that the equitable title passed to Mrs. Tracey, or that there was any fraud perpetrated upon the rights of her creditors. She never acquired any interest in the home place which her creditors are entitled to subject to the satisfaction of their

claims. If she has any interest in the hotel property, it is not involved in this suit.

We are therefore of the opinion that the chancellor erred in his conclusion that the plaintiffs were entitled to satisfaction of their debt out of the property in controversy.

The decree is reversed, and the cause remanded with directions to dismiss the complaint as to the defendant Pickren.