BURNETT *v.* PALMER.

5-2303                                                  343 S. W. 2d 570

Opinion delivered February 27, 1961.

[Rehearing denied March 27, 1961.]

*Crouch, Jones, Blair* and *Cypert,* for appellant.

*James R. Hale,* for appellee.

JIM JOHNSON, Associate Justice. This is the second lawsuit filed by appellant, P. H. Burnett, against appellee, J. F. Palmer, in an effort to enforce the same cause of action. The action involves a debt which 3-Minute Car Wash, Inc., an Arkansas corporation, owed to First National Bank of Fayetteville. 3-Minute Car Wash, Inc., was organized prior to November 28, 1955, the appellant, P. H. Burnett, being the sole stockholder. Appellant had endorsed the corporation's note in favor of the bank and upon insolvency of the corporation was required to pay the note.

On November 28, 1955, appellee and his wife entered into a written lease contract by the terms of which they leased certain real estate to 3-Minute Car Wash, Inc., for a term of ten (10) years at a rental of $250 per month.. Pursuant to this contract appellee constructed

a building upon the land to be used by the corporation in conducting its car-washing business.

In order to obtain the necessary equipment with which to conduct its business, 3-Minute Car Wash, Inc., entered into a conditional sales contract for the purchase of such equipment. The seller of the equipment later assigned the contract to three different firms, i.e., Berkeley Wool Company, Dealers Discount Company, and First City National Bank of Houston, Texas. Each of these firms then demanded that 3-Minute Car Wash, Inc., make payments under the contract to it. On account of this dilemma, 3-Minute Car Wash, Inc., filed an interpleader suit in the United States District Court for the Western District of Arkansas impleading all of the claimants. Some payments under the contract were then paid into the registry of that court and ultimately in April 1958, the three claimants above named attempted to make the appellee a party to that litigation by filing a joint counterclaim against him and his wife and causing him to be served with summons. 3-Minute Car Wash, Inc., had in the meantime become wholly insolvent.

The cross-claim against the appellee was dismissed on May 28, 1958, by the United States District Court. Appellee herein had in the meantime filed suit in the Washington Chancery Court against 3-Minute Car Wash, Inc., seeking judgment for the rent under the above lease and for foreclosure of his contractual lien upon all personal property upon the premises belonging to the corporation. A decree in that case was rendered in favor of appellee on May 3, 1958, for the sum of $15,331.14, and decreeing foreclosure of such lien. Berkeley Wool Company, Dealers Discount Company, and First City National Bank of Houston, Texas, were all made parties to that suit, and the appellee herein paid those firms a total of $3,000 in settlement of all of their claims to the personal property involved.

As stated above, 3-Minute Car Wash, Inc., became insolvent while the litigation in Federal Court was pending. The record reflects that appellee, in an effort

to salvage for everyone as much as he could out of the overall transaction, accepted a power of attorney from the appellant which authorized appellee to take over the entire assets of the corporation and attempt to effect a sale or lease of same. That instrument was prepared by appellant's attorney and was signed on September 25, 1957. The next day appellant induced appellee to sign another instrument which under certain conditions would have, in effect, transferred to appellee the appellant's indebtedness to First National Bank of Fayetteville.

On September 23, 1958, the appellant, relying upon the above described instruments, filed suit in Washington Chancery Court against appellee, alleging the same identical cause of action as is involved herein. In fact, the complaint in that case and the complaint involved herein are practically verbatim. Appellant later amended his complaint in that action, then filed an Amended and Substituted Complaint. Appellee demurred to such Complaint and Amended and Substituted Complaint. On February 18, 1959, an order was entered sustaining the demurrer but giving appellant 15 days within which to plead further. On March 12, 1959, the appellant herein having failed to plead further, an order was entered dismissing the Complaint and Amended and Substituted Complaint. No appeal was taken by appellant from such order.

The instant suit, on the same cause of action, was filed by appellant in the Washington Circuit Court on March 21, 1959. As stated above, the complaint in this case is identical to the complaint and amended and substituted complaint involved in the action in the Washington Chancery Court above described. The appellee demurred to the complaint whereupon appellant amended. Appellee then filed a Motion to Dismiss thereby expressly pleading *res judicata* and attaching as exhibits to such motion certified copies of the entire record and all of the orders in the cause in the Washington Chancery Court above mentioned. Such motion was overruled by the trial court on November 2, 1959.

Appellee then filed an answer, denying the allegations of the complaint and again expressly pleading *res judicata,* attaching to such answer certified copies of the entire record and all the orders in the cause in Chancery Court. The cause came on for trial to a jury on May 9, 1960. At the close of the plaintiff's case the appellee moved for a directed verdict in his favor which motion was overruled. Appellee, *inter alia,* introduced in evidence the entire record and all the orders in the cause in Chancery Court. At the close of all the evidence the appellant moved for a directed verdict in his favor, and the Court, on his own motion, directed the jury to return a verdict in favor of the appellee. Judgment was then entered dismissing the complaint; hence this appeal.

For reversal, appellant contends that the trial court erred in directing a verdict for the appellee and argues in his reply brief a matter which was not in evidence before the Circuit Court and which is not in the record before us. Regardless of how meritorious such matter might have been had it properly been presented before the circuit court and this Court on appeal, we are prohibited from regarding the matter urged in the reply brief now. *Gray* v. *Nations,* 1 Pike, 557, 1 Ark. 557; *Pickren* v. *Northcutt,* 83 Ark. 49, 102 S. W. 708.

It is settled law in Arkansas that an order sustaining a demurrer to a complaint operates as an adjudication on the merits and bars a subsequent suit based on the same facts. This is the express holding in *Thompson* v. *Semmes,* 219 Ark. 66, 239 S. W. 2d 589, where this Court reviewed the Arkansas cases on the point and said:

"The well-established general rule is that a judgment sustaining a demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action is an adjudication on the merits which bars another action on the same facts. 50 C.J.S., Judgments, Sec. 643b; 41 Am. Jur., Pleading, Sec. 251.

"This court has consistently followed the general rule. It was held in *McNeese* v. *Raines,* 182 Ark. 1091,

34 S. W. 2d 225, 226, that a circuit court judgment sustaining a demurrer to a complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant was a final and appealable order and became a decision on the merits of the case. The Court said: 'It is well settled in this state that a judgment sustaining a demurrer is equally conclusive by way of estoppel of the facts admitted in the demurrer as a verdict finding the same fact would have been. The reason is that the judgment is upon the merits of the action as presented by the complaint and admitted by the demurrer is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. When the facts are established, the litigation as between the same parties and their privies is at an end. Therefore, when the party declines to plead further and judgment is rendered against him, it is a final judgment. (Citing cases.) Numerous other cases to the same effect might be cited, but the rule is so well settled as to render this unnecessary.' "

It will be noted that the Court observed in the *Thompson* case, *supra,* that the rule is otherwise where the plaintiff fails on demurrer in the first action "from the omission of an essential allegation in his complaint which is fully supplied in the second suit." But such is not the situation in the case at bar. Here the appellant sets out in his complaint in circuit court the same identical allegations of liability, attached as exhibits to his complaint the same instruments, and sued the same person as in his suit in Chancery Court. No new party was added, nor were any new or different or additional allegations made. Moreover, no "omission of an essential allegation" was supplied in the complaint filed in circuit court. In view of these facts, when appellant failed or declined to appeal from the order of the Washington Chancery Court dismissing his complaint, that order constituted an adjudication on the merits barring the instant suit.

In the case of *Luttrell* v. *Reynolds,* 63 Ark. 254, 37 S. W. 1051, it was held by this Court that the trial court had erred in sustaining the demurrer, but notwithstanding this, the order sustaining the demurrer was held to constitute an adjudication on the merits of the controversy, and, therefore, barred a second suit on the same facts. In so doing, this Court, quoting from Freeman on Judgments, said:

"If any court errs in sustaining a demurrer and entering judgment for defendant thereon, when the complaint is sufficient, the judgment is, nevertheless, on the merits."

Another case expressing the same rule is *Barrentine* v. *Henry Wrape Co.,* 113 Ark. 196, 167 S. W. 1115, where the Court said:

"We have held that a judgment sustaining a demurrer is an adjudication of the case upon its merits, and that any error in rendering the judgment must be corrected by appeal."

Application of these rules to the instant case leads to the logical conclusion that the appellee's plea of *res judicata* was a good plea, and a complete defense and bar to this action.

Affirmed.