LUTTRELL *v.* REYNOLDS.

Opinion delivered November 28, 1896.

JUDGMENT SUSTAINING DEMURRER—CONCLUSIVENESS.—Where the court errs in sustaining a demurrer, and entering judgment for defendant thereon, the judgment is, nevertheless, on the merits, and is final and conclusive until reversed on appeal.

SAME—RES JUDICATA.—A judgment entry on sustaining a· demurrer to a complaint, which identifies the parties, shows that the court found that the defendant had curtesy in the land sought to be recovered, that the plaintiffs stood on their complaint, refusing to plead over, and that their complaint was dismissed with costs, is sufficiently formal, and is conclusive on the question of curtesy in a subsequent action between the same parties. (BATTLE and HUGHES, JJ., dissenting.)

CROSS-BILL—SERVICE OF PROCESS.—Where one who is made a party defendant on her own motion desires cross-relief against a co-defendant, she must make her answer a cross-bill and pray relief, and must serve process on him unless he enters his appearance.

Cross Appeals from Randolph Circuit Court in Chancery.

JOHN B. McCALEB, Judge.

STATEMENT BY THE COURT.

In 1890, appellants brought suit in the Randolph circuit court against the appellee, D. W. Reynolds, for the lands in controversy in the present suit. The complaint in that case, after setting up title in appellants by inheritance from their father, alleged: "That, about the year 1860, their sister, Jane H. Luttrell, was married to one D. W. Reynolds, ·the defendant, of which marriage there was an issue, one son named James S. Reynolds; that, on the —— day of —— 1863, the said Jane H., wife of the said D. W. Reynolds, and sister to

said plaintiffs, died intestate, leaving her said son, James S. Reynolds, her sole heir at law. Plaintiffs state that on the —— day of ——, 1882, their mother, America Luttrell, died, thereby terminating her life estate in said lands, when the said plaintiffs and the said James S. Reynolds entered into a voluntary partition of the aforesaid estate in the lands of the said John A. Luttrell, deceased, whereby each plaintiff and ·the said James S. Reynolds received to his part forty acres of said lands as his proportionate part of·said estate; the said James S. Reynolds receiving the southwest quarter of section 6, in township 19 north of the base line, in range 3 east of the fifth principal meridian, as his proportionate part of said estate, it being the part and portion that the said Jane H. Luttrell, his mother would have received had she remained living." Plaintiffs then allege that James S. Reynolds, their nephew, died without issue, leaving them his sole heirs. They allege unlawful possession in the defendant, D. W. Reynolds, and close with the usual prayer for possession, damages, etc.

The defendant, D. W. Reynolds, demurred as follows: "Comes the defendant, and demurs to the complaint of the plaintiffs herein, and for cause says that it affirmatively appears from the complaint of the plaintiffs herein that the defendant is entitled to an estate by the curtesy in the real estate described therein." The cause was disposed of on the issue joined by the demurrer as follows: "Now on this day, this cause coming on to be heard upon the demurrer heretofore filed by the defendant, and it appearing to the court from the complaint that the defendant is entitled to curtesy in the lands in controversy, the·court sustains the demurrer. And, the plaintiffs electing not to plead further, the cause is dismissed at their cost." No appeal was taken.

The present suit was brought to recover the same land.* Appellee, *inter alia*, pleads *res judicata*.

*S. A. D. Eaton* for appellants.

This was an ancestral estate, and ascended to appellants, as next of kin, in the natural line from which it came, upon the death of James S. Reynolds, intestate and without issue. 15 Ark. 590; *ib.* 688. D. W. Reynolds is estopped to claim curtesy, by his acts and by laches. Bigelow, Estoppel, 584; 48 Ark. 409; 50 *id.* 116. Nor was he entitled to curtesy, as his wife was not seized, either in fact or in law, of the land during coverture. 4 Kent. Com. 28 and 29; Tiedeman, Real Prop. 106; 15 Ark. 466; 31 *id.* 576; 48 *id.* 17; 11 Ohio St. 367. The widow of John A. Luttrell was entitled to the exclusive possession of the land during her life. 29 Ark. 633; 31 *id.* 145; 33 *id.* 399; 48 *id.* 230; 51 *id.* 335; Mans. Dig., sec. 2588; 40 Ark. 393; 34 *id.* 63; 75 Va. 129; 42 Ark. 25; 49 *id.* 87. The former judgment on demurrer does not debar appellants. The merits of the case were not and could not have been passed on by the court in sustaining the demurrer. The matter is not *res judicata*. 3 Tex. Civ. App. 361; 1 Freeman, Judg. 267; 36 Ark. 196; 21 Am. & Eng. Enc. Law, 269, and note 1; 14 S. W. Rep. 955; 5 Wall. 556; 10 C. C. A. 591; 35 Pac. Rep. 1004; 65 Cal. 575; 35 Pac. Rep. 985; 44 N. W. Rep. 648; 70 Md. 472; 1 So. Rep. 512; 47 Ark. 222, 126. There was no judgment on the demurrer, simply a memorandum by the clerk, and

---

* Perhaps the statement of facts by the court ought to be supplemented by adding that the complaint in the second suit, after alleging the title of plaintiffs, as in the first complaint set out in the opinion, alleged further that D. W. Reynolds was not entitled to curtesy in the land sought to be recovered, for the reason that it constituted the homestead of America Luttrell, plaintiffs' mother, until her death, and consequently that Jane H., the wife of D. W. Reynolds, was never seized of the land. (Reporter).

not a sentence of a court. 1 Black, Judg. 2 and 3; 1 Freeman, Judg. 52; Bigelow, Estoppel, 51; 1 Black, Judg. 29; 1 Freeman, Judg. 15; 2 Black, Judg. 508, 509; 3 Ark. 419; 15 id. 226; 7 Neb. 227.

*J. C. Hawthorne* for appellees.

The judgment for curtesy in the former action is a bar to the suit. It is *res judicata.* 7 N. E. Rep. 735; 15 id. 451; Wells, *Res Adjudicata*, 370, 371; 5 Wall. 566; 18 So. Rep. 847; 15 N. E. Rep. 244; 27 Am. St. 44; 26 id. 828; 10 id. 210; 43 id. 604; 44 id. 554, and notes; 7 Wall. 99; 91 U. S. 526; 3 Denio, 238. The judgment was sufficiently formal. Hempst. 50; 32 N. E. Rep. 342; 5 Lea (Tenn.), 358; 26 N. E. Rep. 478.

Mrs. Connor was made a party defendant. She filed no cross-complaint, nor sued out any process; nor did appellees enter their appearance or plead to her suit. The judgment in her favor for dower was erroneous. Sand. & H. Dig., sec. 5712; 43 Ark. 497; 49 id. 430.

WOOD, J., (after stating the facts.) The issue as to curtesy was expressly raised and determined upon the merits in the former suit. That was the effect of the finding and judgment of the court upon the demurrer. No technical objection was raised to the complaint. The facts are well pleaded, and were conceded to be true. If the facts stated did not show curtesy in the defendant, the complaint in the first suit was good. Now, whatever may be the rule elsewhere, this court in *McDaniel* v. *Grace*, 15 Ark. 465, held that there must be *actual seizin* in the wife during coverture to constitute curtesy; unless the lands are "waste and uncultivated, and not held adversely." The complaint in the first suit did not show *actual seizin* in the wife of the lands in controversy. Nor did it show that said lands were wild and uncultivated, not held adversely. Seizin in law draws to it the possession only of such

lands. The lands in controversy may have been held adversely continuously during the coverture. There is nothing in the first complaint to show to the contrary. Therefore said complaint did not affirmatively show curtesy, and was not demurrable. Mr. Freeman says: "If any court errs in sustaining a demurrer and entering judgment for defendant thereon, when the complaint is sufficient, the judgment is, nevertheless, on the merits. It is final and conclusive until reversed on appeal." 1 Freeman, Judg. sec. 267. See also the following as to *res judicata* on demurrer. *Gray* v. *Dougherty*, 25 Cal. 266; cases cited to note in *Lea* v. *Lea*, 96 Am. Dec. 772; *Aurora City* v. *West*, 7 Wall. 82, 99; cases cited in note to *Bell* v. *Merrifield*, 4 Am. St. Rep. 436; *Gould* v. *Evansville R. Co.*, 91 U. S. 526; *McLaughlin* v. *Doane*, 10 Am. St. Rep. 210; *Smith* v. *Hornsby*, 70 Ga. 552; *Grotenkemper* v. *Carver*, 4 Lea, 375; *Ruegger* v. *Ind. Ry. Co.* 103 Ill. 449; *Price* v. *Bonnifield*, 2 Wyo. Ter. 80; *Lamb* v. *McConkey*, 76 Iowa, 47.

*Res judicata.*      2. The judgment entry showed that the court rendered the judgment, identified the parties to it, that the court found that the defendant had curtesy, that the plaintiffs stood on their complaint, refusing to plead over, and that their complaint was dismissed with costs. This was sufficiently formal. 1 Freeman, Judg. p. 50; *Kimbro* v. *Va. & Tenn. R. Co.* 56 Ga. 185.

The decree of the court on the question of *res judicata* as to curtesy is affirmed.

Service of process on cross-bill.      3. But the court erred in decreeing dower to the widow of J. S. Reynolds, without giving the defendant, D. W. Reynolds, an opportunity to be heard. On her motion she was made party defendant, and filed her petition for dower. The record does not show that this petition was made a cross-bill against appellee. It

does not show that appellee was served with process, or that he entered his appearance to said proceedings. This was necessary before the decree as to dower could affect him. *Ringo* v. *Woodruff*, 43 Ark. 497; *Pillow* v. *Sentelle*, 49 Ark. 430.

The decree as to dower is reversed, and the cause remanded.

HUGHES and BATTLE, JJ., dissent.