BARRENTINE *v.* THE HENRY WRAPE COMPANY.

## Opinion delivered June 1, 1914.

1. JUDGMENT—SUSTAINING DEMURRER—CONCLUSIVENESS.—A ' judgment sustaining a demurrer is an adjudication of the case upon its merits, and any error in rendering the judgment must be corrected by appeal. (Page 197.)

2. JUDGMENT SUSTAINING DEMURRER—NEW ACTION—RES ADJUDICATA.—If the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in a second suit, the judgment in the first action is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of that cause, as disclosed in the second declaration, were not heard and decided in the first. (Page 197.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

*J. N. Rachels* and *John E. Miller,* for appellant.

Since, as was held on former appeal, 105 Ark. 485, no cause of action was stated in the first complaint, the real facts were never in issue and were not passed upon by the court. The case was not disposed of on its merits, which is essential before a question can be *res judicata.* 83 Ark. 545; 89 Ark. 542; 23 Cyc. 1215; *Id.* 1232. Where this court has held a judgment upon a demurrer was a judgment upon the merits, 63 Ark. 254 and 99 Ark. 433, the only holding was that the judgment was final upon the questions *in issue.*

*S. Brundidge,* for appellee.

Appellant is bound by the former adjudication. If, on the sustaining of the demurrer, he had seen proper to amend his complaint, bringing in the new matter now pleaded, he would have been entitled to a trial on the merits; but having refused to do so, and after this court has sustained the lower court, he can not now inject new matter into the case, but is bound by the former judgment. 99 Ark. 436; 105 Ark. 492.

McCULLOCH, C. J. Plaintiff, James W. Barrentine, instituted an action in the circuit court of White County

against The Henry Wrape Company, a corporation, to recover damages on account of personal injuries which he sustained while in the employment of defendant. He alleged that his injuries were caused by other servants and employees throwing rocks and other missiles about the premises of the defendant, one of which missiles struck him in the eye. The circuit court sustained a demurrer to the complaint, and, the plaintiff declining to amend, final judgment was rendered against him. We affirmed that judgment on the ground that facts sufficient to constitute a cause of action were not alleged, in that it was not shown that the negligent servants were acting within the scope of their authority, or that they were within the control of defendant at the time the acts of negligence were committed, or that either the servants or the plaintiff himself were on the premises of defendant at the time. In other words, we held that the mere statement that other employees were engaged in throwing dangerous missiles about the premises and that plaintiff was injured thereby did not state a cause of action. 105 Ark. 485. The plaintiff thereupon instituted a new action (the present one) and in his complaint supplied the omitted allegations necessary to state a cause of action. The defendant pleaded *res adjudicata* and has set forth in support of its plea the pleadings and judgment in the former case. The plea was sustained and final judgment was rendered, from which this appeal has been prosecuted.

.We have held that a judgment sustaining a demurrer is an adjudication of the case upon its merits and that any error in rendering the judgment must be corrected by appeal. *Luttrell* v. *Reynolds,* 63 Ark. 254.

But Mr. Herman states the rule that "if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in his second suit, the judgment in the first action is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of that cause, as disclosed

in the second declaration, were not heard and decided in the first.'' 1 Herman on Estoppel, § 273.

That statement is taken by the text writer from the opinion of Mr. Justice Clifford in the case of *Gould* v. *Evansville, etc., Rd. Co.,* 91 U. S. 526.

In the case of *Grotenkemper* v. *Carver,* 4 Lea (Tenn.) 375, Judge Cooper, delivering the opinion of the court, said:

''If, however, the court decides that the complainant has not stated facts sufficient to constitute a cause of action, and that the bill is otherwise liable to any specific objection urged against it upon demurrer, such decision does not extend to any issue not before the court on the hearing of the demurrer. It leaves the complainant at liberty to present his case, so corrected in form or substance as to be no longer vulnerable to the attack made upon it in the former suit.''

The same rule was stated by Mr. Freeman in his work on Judgments (vol. 1, § 267).

This seems to be the settled rule, and applying it to the pleadings now before us, it is evident that the present case falls squarely within it. The former judgment was based upon the facts set forth in the complaint in the first action and was an adjudication only of those facts, and not of the additional facts set forth in the present complaint.

The court erred, therefore, in sustaining the plea of former adjudication, and the judgment is reversed and the cause remanded with directions to overrule the plea and for further proceedings.