McNEESE *v.* RAINES.

Opinion delivered January 12, 1931.

*Richardson & Richardson,* for appellant.

*W. P. Smith* and *O. C. Blackford,* for appellee.

PER CURIAM. Appellee, who was the defendant in the court below files a motion to dismiss the appeal on the ground that the judgment rendered was not a final one. Appellee had filed a demurrer to the complaint of appellant in the court below on the ground that the complaint did not state facts sufficient to constitute a cause of action against him. The court sustained the demurrer, and the judgment of the court from which the appeal comes is as follows:

"Now on this day comes the defendant T. G. Raines, by his attorney, W. P. Smith, and files its [his] separate demurrer to the complaint of the plaintiff, which demurrer is by the court sustained, to which rulings of the court the plaintiff at the time objected and excepted and asked that his exceptions be noted of record, which is accordingly done. And plaintiff stands on his complaint and prays an appeal to the Supreme Court of Arkansas, which is hereby granted."

It is well settled in this State that a judgment sustaining a demurrer is equally conclusive by way of estoppel of the facts admitted in the demurrer as a verdict finding the same facts would have been. The reason is that the judgment is upon the merits of the action as presented by the complaint and admitted by the demurrer and is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. When the facts are established, the litigation as between the same parties and their privies is at an end. Therefore, when the party declines to plead

further and judgment is rendered against him, it is a final one. *Luttrell* v. *Reynolds,* 63 Ark. 254, 37 S. W. 1051, and *Barrentine* v. *Henry Wrape Co.,* 113 Ark. 196, 167 S. W. 1115. Numerous other cases to the same effect might be cited, but the rule is so well settled as to render this unnecessary.

No special formality is necessary in a judgment, and it is tested by its substance rather than by its form. We are of the opinion that the judgment in the present case shows that the plaintiff stood on his complaint after the demurrer had been sustained to it. The judgment recites that the plaintiff stood on his complaint and prayed an appeal to the Supreme Court which was granted. This, in effect, amounted to a dismissal of the complaint after the plaintiff had elected to stand upon it, and the judgment rendered thus became a decision upon the merits of the case and was final and appealable. *Melton* v. *St. Louis Iron Mountain & Southern Ry. Co.,* 99 Ark. 433, 139 S. W. 289; *Durben* v. *Montgomery,* 144 Ark. 153, 223 S. W. 17; and *Hall* v. *Waters,* 118 Ark. 427, 176 S. W. 699.

Therefore, the motion to dismiss the appeal will be denied.