CLARK *v.* WHITNEY.

4-4793

Opinion delivered November 8, 1937.

*Ezra Garner,* for appellant.

*Hawkins & Keith,* for appellees.

MEHAFFY, J. On November 10, 1919, John Radford and Julia Radford, his wife, and Jeff Radford and Annie Radford, his wife, borrowed $2,500 from the Security Mortgage Company of Texarkana, Arkansas, for which sum they executed their promissory note due November 1, 1926, with interest at 6 per cent. per annum, payable semi-annually as evidenced by 14 coupon interest notes attached thereto, one for $70.84 due May 1, 1920, and thirteen for $75 each due November 1 and May 1 thereafter, with interest from maturity at 10 per cent. per annum. To secure the payment of said notes the borrowers executed and delivered to the Security Mortgage Company a mortgage on 240 acres of land in Columbia county, Arkansas.

Jeff Radford died and thereafter, on November 1, 1926, John Radford and Julia Radford, his wife, Annie Radford, widow of Jeff Radford, and Vessie Clark, the only heir of Jeff Radford, deceased, executed and delivered to the Security Mortgage Company, their promissory note for $2,200, which was a renewal of the note and mortgage executed November 10, 1919; said $2,200 was payable as follows: 6 notes in the sum of $300 each due and payable November 1, 1927, November 1, 1928, November 1, 1929, November 1, 1930, November 1, 1931, and November 1, 1932, and the last note for $400 being due and payable November 1, 1933, with interest on said notes from date at 6 per cent. per annum payable annually, being evidenced by coupon interest notes attached to said notes, interest due from maturity at 10 per cent. per annum. To secure the payment of said notes, John Radford and Julia Radford, his wife, Annie Rad-

ford, widow of Jeff Radford, deceased, and Vessie Clark, joined by her husband, Eugene Clark, executed and delivered to the Security Mortgage Company a renewal mortgage on the 240 acres of land.

The notes and mortgage executed November 10, 1919, and the renewal notes and mortgage, executed November 1, 1926, were transferred and assigned by the Security Mortgage Company, to E. L. Harris, of Peoria, Illinois, and by him assigned to the Home Savings & State Bank of Peoria, Illinois, without recourse.

In July, 1930, the Home Savings & State Bank commenced foreclosure proceedings in the Columbia chancery court against John Radford and Annie Radford, the widow of Jeff Radford, deceased. Julia Radford, the wife of John Radford, having died since the execution of the note and mortgage of November 1, 1926, and, also, against other parties.

An affidavit for warning order was made by Newt Spivey that Eugene Clark was a nonresident of the state of Arkansas. Warning order was published for Eugene Clark and others and the unknown heirs of Vessie Clark, deceased.

Personal service was had upon all the parties living in Columbia county at the time, except Jefferson Clark. Jefferson Clark, at the time of the suit, lived in Columbia county, but it was not known that any of Vessie Clark's descendants lived in Columbia county; therefore, Jefferson Clark was not made a party. The court, on July 27, 1931, entered a decree finding an indebtedness against the defendants in that suit of $2,940.70, and declaring a lien on the land in controversy and ordered a sale to pay the judgment. Sale was made by the commissioner, and the Home Savings & State Bank of Peoria, Illinois, bid and offered the sum of $3,052, and the lands were sold to it for that amount. That amount included all the costs, as well as the entire debt.

Commissioner's deed was made, which was approved and confirmed by the court. The bank then, by quitclaim deed, conveyed to E. L. Harris the land, and on August

8, 1932, E. L. Harris, by warranty deed, conveyed said lands to Edgar Whitney, the appellee.

On July 8, 1936, Edgar A. Whitney and the Home Savings & State Bank filed another suit in the Columbia chancery court alleging that Jefferson Clark, as grandson of Jeff Radford, deceased, and as the only heir of Vessie Clark, deceased, was due them the sum of $1,727.82 on notes that had previously been foreclosed, and it was alleged they were merged into the decree. They prayed judgment for said sum and that a lien be declared on the lands. It was alleged that Jefferson Clark was a minor ten years of age. A guardian *ad litem* was appointed for him, answer filed, denying the allegations of the complaint, and alleging that by reason of the foreclosure in 1931 the debt was extinguished, and pleaded estoppel, and that the complaint be dismissed for want of equity, and Jefferson Clark's title be quieted to his half interest in said lands, together with costs.

Evidence was introduced and a decree was rendered on the three notes sued on, which were not barred by the statute of limitations. It appeared from the evidence that the plaintiffs thought they were purchasing the entire interest in the lands and bid the full amount of the judgment, interests and costs; that they did not know of the existence or whereabouts of Jefferson Clark, and that they discovered that he lived in Columbia county. The evidence showed that the amount bid for the land was a fair market price for the entire tract; that Vessie Clark had died and left as her only heir Jefferson Clark.

Of course the sale of the land did not affect the interest of Jefferson Clark because he was not a party to the suit.

It is contended first by the appellant that the matters sought to be litigated in this suit were litigated or could have been litigated in the former suit, and that the former decree is, therefore, *res judicata.*

If the trial court had had jurisdiction of all the parties, including Jefferson Clark, as well as jurisdiction of the subject-matter, the decree would have been

binding on all alike. When an issue of fact or of law has been adjudicated upon the merits, it cannot be again litigated in another suit. It has been said that, to make a matter *res judicata*, there must be the concurrence of the four following conditions; first, identity in the thing sued for; second, identity of the cause of action; third, identity of persons and the parties to the action; fourth, identity of the quality in the person for or against whom the claim is made.

In the instant case, there was no identity of persons and parties. Jefferson Clark was not a party although he owned half interest in the lands involved, and this suit was brought to foreclose the one-half interest of Jefferson Clark on the notes included in the former suit, which were not barred by the statute of limitations.

Jefferson Clark owned one-half interest in this land, and this suit was to foreclose on that one-half interest, which the appellees thought they had acquired in the other suit. The chancery court did not give any judgment or decree against Jefferson Clark personally, but required the plaintiffs in that case to pay all the costs and to pay the minor's attorney's fee and held that the minor's half interest in the land was subject to the claim of plaintiffs.

If the minor had brought suit to recover his half interest in the land he could not have recovered it without paying the amount due, although the debt might have been barred by the statute of limitations, and the minor's remedy was to bring suit to recover his half interest in the land. If this course had been pursued by him, a complete defense to his claim would have been that the mortgage debt had not been paid, and it would have made no difference if the debt had been barred by the statute of limitations.

"The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations. But a counter-claim, even where by statute it may con-

sist of any matter arising out of contract or tort, whether it arises out of the contract or transaction sued upon or not, if barred by the statute of limitations, is available only for recoupment, although for that purpose it may be used as long as plaintiff's cause of action exists." 37 C. J. 804-5; *Missouri & No. Ark. Ry. Co.* v. *Bridwell*, 178 Ark. 37, 9 S. W. (2d) 781.

The result would have been the same if this suit had not been brought by plaintiffs and they had waited until the minor began an action to recover his half of the land, because any matter arising out of a contract sued upon, if barred by the statute of limitations, is available only for recoupment, although for that purpose it may be used as long as plaintiff's cause of action exists.

It follows from this that if this suit had not been brought and Jefferson Clark had, at any time in the future, brought suit for his interest in the land, the indebtedness would have been available, although the whole debt might have been barred by the statute of limitations.

The decree of the chancery court is correct, and is, therefore, affirmed.