ROBINSON *v.* PRINGLE.

4-5082

Opinion delivered May 23, 1938.

*George M. Booth,* for appellants.

*W. J. Schoonover, Walter L. Pope* and *H. M. Trieber,* for appellees.

McHANEY, J. Although this suit was brought and tried in chancery without objection, it is really a suit at law in ejectment. It involves the ownership and right to the possession of 100 acres of land in Randolph county. It is the second suit between two of the same appellants, Robinson and R. R. Reynolds, against the same appellees. In the former suit in ejectment in the circuit court wherein said Robinson and said Reynolds were plaintiffs, a demurrer was interposed and sustained to a complaint with like allegations as in the present suit, with leave to amend within thirty days, else the complaint would be dismissed. There was no amendment filed within the time or at all, so the complaint stood dismissed by the force and effect of said order on demurrer.

We are of the opinion that the demurrer went to the merits of the case, was a final order from which no

appeal was taken, and, whether right or wrong, is a bar against said appellants from maintaining the present action. In *McNeese* v. *Raines*, 182 Ark. 1091, 34 S. W. 2d 225, we said: "It is well settled in this state that a judgment sustaining a demurrer is equally conclusive by way of estoppel of the facts admitted in the demurrer as a verdict finding the same facts would have been. The reason is that the judgment is upon the merits of the action as presented by the complaint and admitted by the demurrer and is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. When the facts are established, the litigation as between the same parties and their privies is at an end. Therefore, when the party declines to plead further and judgment is rendered against him, it is a final one. *Luttrell* v. *Reynolds*, 63 Ark. 254, 37 S. W. 1051, and *Barrentine* v. *Henry Wrape Co.*, 113 Ark. 196, 167 S. W. 1115. Numerous other cases to the same effect might be cited, but the rule is so well settled as to render this unnecessary."

Of the other appellants, Ellen L. Ebberts is the widow and heir at law of A. M. Reynolds, deceased. The above named appellant, R. R. Reynolds, is a son of A. M. Reynolds, deceased, and Ulric and Curtis Reynolds are grandsons of A. M. Reynolds, deceased, whose father was Ulric H. Reynolds, also deceased. Mrs. Ebberts claims dower in an undivided one-third interest in said land and the other two appellants, Ulric and Curtis Reynolds, claim an undivided one-twelfth interest each. We do not undertake to detail the source of appellants' claim of title, but conceding that such claim of title is well founded, ejectment will not lie. In a decree rendered in 1888, concerning this same land, a lien, in the nature of a purchase money lien, was fixed thereon in favor of Martin and Pringle, appellees' predecessors in interest, for the proportionate part of the original purchase price which their grantor had paid. Limitations would not run against such lien, they and their grantees, or heirs being in possession at the time and have been for fifty years and still are in such possession. In such case, ejectment

does not lie. In *Clark* v. *Whitney,* 194 Ark. 858, 109 S. W. 2d 930, it was said: "If the minor had brought suit to recover his half interest in the land he could not have recovered it without paying the amount due, although the debt might have been barred by the statute of limitations, and the minor's remedy was to bring suit to recover his half interest in the land. If this course had been pursued by him, a complete defense to his claim would have been that the mortgage debt had not been paid, and it would have made no difference if the debt had been barred by the statute of limitations." See, also, *Missouri & N. Ark. Ry. Co.* v. *Bridwell,* 178 Ark. 37, 9 S. W. 2d 781; *Dobbs* v. *Gillett,* 119 Ark. 398, 177 S. W. 1141; *Naill* v. *Kirby,* 162 Ark. 140, 257 S. W. 735. As was said in *Dobbs* v. *Gillett, supra,* to quote a syllabus: "The owner of an equitable title cannot maintain ejectment, but he may defend his own possession under such title."

So here, a lien was fixed on this land in favor of appellees' grantors in 1888 which has never been discharged and they have the right to defend their possession under such title until it has been discharged.

It follows that the decree must be affirmed. It is so ordered.