McCARROLL, COMMISSIONER OF REVENUES, *v.* HOLLIS & COMPANY.

4-6318                                          148 S. W. 2d 167

Opinion delivered February 17, 1941.

*Lester M. Ponder* and *Frank Pace, Jr.,* for appellant.

*Buzbee, Harrison, Buzbee & Wright,* for appellee.

HOLT, J. Appellees, Hollis & Company and Arkansas Mill Supply Company, filed separate suits in the Pulaski circuit court, under the provisions of § 14086 of Pope's Digest, to recover $2,865.73 and $1,606.83,

respectively, sales tax paid by them under protest to appellant, the Commissioner of Revenues for the state of Arkansas. By agreement, the causes were consolidated for trial and were heard before the court, sitting as a jury, on an agreed statement of facts. There was a finding in favor of appellees and from a judgment ordering appellant to refund to appellees the taxes in question comes this appeal.

It is earnestly insisted by appellees that we should affirm here for the reason that appellant is precluded from the reassessment and collection of these taxes under the provisions of § 13899 of Pope's Digest which reads as follows: "After the assessment and full payment of any general property, privilege or excise tax, no proceedings shall hereafter be brought or maintained for the reassessment of the value on which such tax is based, except for actual fraud of the taxpayer, provided that failure to assess taxes as required by law shall be *prima facie* evidence of fraud."

The record reflects that appellees each month during 1939, the time in question, made to appellant on forms which it furnished, sales tax reports, each monthly report being in exact form and manner.

One of the Arkansas Mill Supply Company's reports is as follows:

"Computation of Taxable Sales

"Total charged sales for
     the month ................$13,374.75 sales tax incl.
"Total cash sales for
     the month ................     481.96 sales tax incl.

"Total sales from all sources for the month .....$13,856.71
"Less sales which are not taxable

     .  .  .  .

"(d)   Sales for resale................$1,848.29

     .  .  .

"Total sales which are not taxable
     (to be deducted) .......................................$7,837.18
"Taxable sales (remainder after deductions)...... 6,019.53

& COMPANY.

"Computation of Tax

. . .

"Total tax and penalty (remittance must be for
this amount) ...................................................$120.39"

On the reverse side of the report the following information was given:

"Schedule 'goods returned' and 'other reductions' and give a brief explanation thereof.

"Sales tax charged customers and included
in total amount of sales ...................................$  120.39

"Postage and prepaid freight items ......................    45.06

"Federal Farm Security and U. S. Engineers    25.20

"Interstate Commerce sales ...............................  5,798.24
                                                          ─────────
                                                          $5,988.89"

One of the monthly reports of Hollis & Company is as follows:

"Computation of Taxable Sales

"Total charged sales for
the month ...................................$26,318.21

"Total cash sales for the month    704.81

"Total sales from all sources for the month .....$27,023.02

"Less sales which are not taxable:

. . .

"(e) Goods returned which
previously reported as
sales ...................................$    328.90

"(f) Other deductions authorized by law................ 14,866.04

"Total sales which are not taxable
(to be deducted) ...................................$15,195.03

"Taxable sales (remainder after deduction) ...... 11,827.99

"Computation of Tax

"Tax due state—2% of taxable sales ...................$236.56
. . ."

It will be observed that these reports are identical in form except that appellee, Hollis & Company, did not fill out the blank on the reverse side of the report.

We quote from the agreed statement of facts applicable to both cases as follows:

"The defendant and his predecessors in office have at all times construed these sales as being transactions in interstate commerce, and not subject to the Arkansas Retail Sales Tax Law, until the decision of the Supreme Court of the United States, rendered January 29, 1940, in the case of *Joseph D. McGoldrick, Comptroller of the City of New York,* v. *Berwind-White Coal Mining Company,* 309 U. S. 33, 60 S. Ct. 388, 84 L. Ed. 565, 128 A. L. R. 876, and have advised plaintiff and other merchants in like situation, that it was not their duty to collect sales taxes upon said transactions, and plaintiff did not collect sales taxes upon said transactions. . . .

"Between February 6 and March 12, 1940, after the decision of the Supreme Court of the United States, above referred to, rendered January 29, 1940, defendant made an audit of plaintiff's reports, books and records of sales made by plaintiff for the year 1939. Said audit was not made for the purpose of determining whether plaintiff was collecting and paying taxes on said sales, because defendant knew plaintiff and other merchants were not collecting and paying taxes thereon."

It also appears that appellant had advised appellees that it was not their duty to collect the sales tax upon the transactions in question and that "it was well understood by both plaintiff and defendant that the item of deductions authorized by law covered sales made in interstate shipments and defendant at all times knew that plaintiff was not making collections and paying taxes on such sales."

Appellant earnestly urges that all issues presented here in the case of Hollis & Company have been already adjudicated as to it by the decision in the case of *Hollis & Company* v. *McCarroll, Commissioner,* 200 Ark. 523, 140 S. W. 2d 420. We cannot agree to this contention.

The above case went off on demurrer. It was held in that case that the complaint did not state a cause of action and the suit was dismissed. After the opinion by this court in that case, appellees paid the tax under protest, as has been indicated, and along with appellee, Arkansas Mill Supply Company, brought suits at law

to recover the taxes so paid. While it is true that a judgment on demurrer is an adjudication on the merits and bars another action on the same facts, it is equally true that the plaintiff is not precluded from filing a new action based on different facts, and this, we think, was what was done by Hollis & Company.

In *Barrentine* v. *The Henry Wrape Co.*, 113 Ark. 196, 167 S. W. 1115, this court said: "We have held that a judgment sustaining a demurrer is an adjudication of the case upon its merits and that any error in rendering the judgment must be corrected on appeal. *Luttrell* v. *Reynolds*, 63 Ark. 254, 37 S. W. 1051.

"But Mr. Herman states the rule that 'if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in his second suit, the judgment in the first action is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of that cause, as disclosed in the second declaration, were not heard and decided in the first.' 1 Herman on Estoppel, § 273."

On this record it appears that both appellees each month filed the sales tax report required of them by appellant on forms which appellant furnished. They concealed nothing in these reports. They reported all sales made in interstate commerce upon which no sales tax had been collected by them, it being the belief of appellant, as well as appellees (until the decision of the Supreme Court of the United States, *supra*), that no taxes were due on such sales.

Appellees, as indicated, reported all sales to appellant showing those sales which were not taxable and in the agreed statement of facts "it was well understood by both plaintiff and defendant that the item of deductions authorized by law covered sales made in interstate shipments, and defendant at all times knew that plaintiff was not making collections and paying taxes on such sales."

Appellees were not primarily charged with the payment of the taxes in question, but only became liable for

failure to collect a tax validly due. They were at all times advised by appellant that they should not collect the sales tax on these transactions which were then classified as interstate.

In the case of *State* v. *New York Life Insurance Company*, 198 Ark. 820, 131 S. W. 2d 639, this court said: "It will be observed that the inhibitions of this statute are not directed against suits for the collection of the general *ad valorem* taxes alone. It applies also to suits for the collection of privilege and excise taxes. . . .

"There was not, it is true, any statement or assessment of the total premiums received, but a statement was filed of all premiums thought to be taxable. Appellee insurance company concealed nothing, but correctly disclosed all the information required. The blanks furnished by the state required the insurance company to disclose the premiums received from 'ordinary,' 'group,' and 'industrial' policies, and this was correctly done. The statute prohibits suits for back taxes 'except for actual fraud of the taxpayer.' Here there is no element of fraud, and for that reason the suit was, in our opinion, properly dismissed."

In the instant case, as we have indicated, both appellees concealed nothing, but correctly disclosed all the information required. In fact, as revealed by the agreed statement of facts, the audits made by appellant, and the demands under which these taxes were paid by appellees, were not made because of any errors made in statements by appellees or in facts discovered by audits. The figures derived from the audits as made conformed to the reports which had been made by the appellees, and after the making of said audits, appellant made demand upon appellees for taxes on said sales. Appellant gained nothing more from its audits of appellees' transactions than it already knew.

While it is true that it was the duty of the Revenue Commissioner to make the assessments of the tax against appellees, and to make an audit if he thought it necessary in making the assessments, we think this is in effect what he did. Therefore, it is our view that appel-

lees, on the record here, are entitled to the protection of the provisions of § 13899 of Pope's Digest, and that they are not precluded by the decision of this court in the case of *Hollis & Company* v. *McCarroll, Commissioner, supra,* and cases there cited.

In the Hollis case [200 Ark. 523, 140 S. W. 2d 423] we said: "The complaint, however, alleges that from time to time audits of appellant's business were made by state agents. If in consequence of such audits appellant made an assessment of the items in question, but did not pay the tax because of the commissioner's ruling that it was not to be included in the declarations, then, under authority of the New York Life Insurance Company case, *supra,* and *Superior Bath House Co.* v. *McCarroll, Commissioner,* [200 Ark. 233, 139 S. W. 2d 378], the tax for disclosed and reported periods would not be assessable."

We do not think the late case of *Terminal Oil Co.* v. *McCarroll, Commissioner, ante,* p. 830, 147 S. W. 2d 352, controlling here.

On the whole case, finding no error, the judgment is affirmed.