HARLOW *v.* RYLAND.

4-9467      238 S. W. 2d 502

Opinion delivered April 9, 1951.

*Hendrix Rowell,* for appellant.

*Bridges, Bridges, Young & Gregory* and *John Harris Jones,* for appellee.

HOLT, J. Susie Ryland Harlow (appellant) while riding as a guest in an automobile, owned and operated by her nephew, George Ryland (appellee), received personal injuries. She sued for damages in Federal Court. Appellee filed motion to dismiss (which was treated as a demurrer) since the complaint admitted the relationship of the parties to be that of aunt and nephew and therefore within the third degree of relationship by consanguinity or affinity.

In support of his demurrer, appellee affirmatively pleaded § 75-915, Ark. Stats. 1947, which provides: "No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without

payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering or leaving such motor vehicle, provided this act (section) shall not apply to public carriers. (Acts 1935, No. 179, § 1, p. 481; Pope's Dig., § 1304.)''

Appellant responded to the demurrer, alleging that the above section, insofar as it denies a cause of action to a guest related to the operator of the automobile as was appellant here, is unconstitutional, contravening Art. II, §§ 8 and 13 of the Constitution of the State of Arkansas, and the 14th Amendment to the Constitution of the United States.

The Federal District Court sustained the demurrer and dismissed appellant's complaint, and on appeal to the Circuit Court of Appeals, the judgment of the District Court was affirmed. In affirming, the Circuit Court of Appeals said: ''It is our conclusion that the District Court and this Court are justified in *assuming and deciding* that the provision is constitutional unless and until the Supreme Court of Arkansas shall have ruled otherwise.''

Following the above decision of the Circuit Court of Appeals, appellant filed complaint in the Lincoln Circuit Court in which the parties and cause of action were identical and again sought to recover damages.

Appellee filed answer in which he affirmatively pleaded as a complete bar to appellant's cause of action, the defense of *res judicata*.

The trial court sustained appellee's plea of *res judicata* and dismissed appellant's complaint. This appeal followed.

The parties agree, as stated by appellant, that "the sole question to be decided upon this appeal is whether or not the plea of *res judicata* should apply as a complete bar to the right of Susie Ryland Harlow to proceed against George Ryland in the Lincoln Circuit Court, in view of the judgments rendered against her in Federal District Court in Little Rock, Arkansas, and the Circuit Court of Appeals, Eighth Circuit, St. Louis, Missouri."

Appellant, after admitting that the present suit "involves the same parties and the same cause of action," as in the former action in the Federal Court, contends that there was lacking a final adjudication in a court of competent jurisdiction.

Appellant chose the tribunal in which the first suit was filed, and we find nothing in the record here, and appellant fails to point to anything, showing lack of jurisdiction in the Federal Court. Clearly, we think the Federal Court had jurisdiction and we so hold. We also hold that the trial court correctly sustained appellee's plea of *res judicata,* and correctly dismissed the present action.

The rule is well settled in this State that a judgment sustaining a demurrer which challenges the sufficiency of a complaint, without pleading further, as here, is a final judgment on the merits, and unless reversed on appeal is conclusive on the parties on the issues reached by the demurrer and the litigation as between the same parties is at an end.

In *Robinson* v. *Pringle,* 196 Ark. 219, 117 S. W. 2d 25, we said: "We are of the opinion that the demurrer went to the merits of the case, was a final order from which no appeal was taken, and, whether right or wrong, is a bar against said appellants from maintaining the present action. In *McNeese* v. *Raines,* 182 Ark. 1091, 34 S. W. 2d 225, we said: 'It is well settled in this state that a judgment sustaining a demurrer is equally conclusive by way of estoppel of the facts admitted in the demurrer as a verdict finding the same facts would have been. The

reason is that the judgment is upon the merits of the action as presented by the complaint and admitted by the demurrer and is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. When the facts are established, the litigation as between the same parties and their privies is at an end. Therefore, when the party declines to plead further and judgment is rendered against him, it is a final one. *Luttrell* v. *Reynolds,* 63 Ark. 254, 37 S. W. 1051, and *Barrentine* v. *Henry Wrape Co.,* 113 Ark. 196, 167 S. W. 1115,' " and in *Barber* v. *Sager,* 141 Ark. 1, 216 S. W. 36, we find this language: "It is unnecessary to determine here whether the demurrer was properly sustained or not; any error committed in that respect could have been cured by appeal. On the other hand, only those matters are concluded by the decree on the demurrer which were within the allegations of the complaint. * * *: but the decree is final and conclusive as to all the allegations contained in the complaint, etc."

In *Tri-County Highway Improvement District* v. *Vincennes Bridge Company,* 170 Ark. 22, 278 S. W. 627, we said: "In a case note to 13 A. L. R. p. 1104, it is said that it is well settled that the judgment rendered upon sustaining a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer as a verdict finding the same facts would have been; and, accordingly, that, where the demurrer goes to the merits, a judgment sustaining it is a bar to a subsequent suit on the same cause of action. * * *

"For the same reason the value of a plea of *res judicata* is not to be determined by the reasons which the court rendering the former decree gave for doing so. (Citing cases.) Hence it may be taken as settled that, in order to render a plea of *res judicata* available, it makes no difference whether the facts upon which the court proceeded in determining the merits were proved by evidence upon an issue joined, or were admitted by way of demurrer to a pleading stating the facts."

"It is well settled that a judgment upon demurrer or upon motion to dismiss is as conclusive upon the par-

ties as a judgment rendered upon proof. * * * A general judgment or a decree of dismissal, without more, renders all the issues in the case *res judicata*, and constitutes a bar to any subsequent suit for the same cause of action," *Brooks* v. *Ark.-Louisiana Pipe Line Co.*, 77 Fed. 2d 965 (CCA 8th).

As indicated, appellant, although she could have brought her cause of action in the State Court in the first instance, elected to present her cause in the Federal Court, a court of competent jurisdiction. She has had her day in court and since it is undisputed that the parties and cause of action in the State Court were the same, the judgment of the District Court of the United States in her former action, which was affirmed by the Circuit Court of Appeals, is *res judicata* and conclusive on appellant.

Affirmed.