THOMPSON *v.* SEMMES.

4-9506                    239 S. W. 2d 589

Opinion delivered May 21, 1951.

*Carroll W. Johnston,* for appellant.

*Gordon & Gordon,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Paul Thompson, instituted this action as case No. 3479 in circuit court against appellee, C. M. Semmes, doing business as Semmes Motor Co., seeking actual and punitive damages in the sum of $2,529.22 for breach of appellee's alleged contract to promptly repair appellant's motor truck, which was damaged by fire in January, 1949. Appellee interposed a plea of *res judicata* which was sustained, and a verdict directed in appellee's favor, at the conclusion of the testimony offered by appellant.

Appellee's plea of *res judicata* is based on a judgment rendered in the same court in case No. 3420. In that case appellant filed suit against appellee and Service Fire Insurance Co. of New York on August 31, 1949, alleging a contract or agreement by both defendants to repair appellant's truck, a breach of said contract and asking the same relief against both defendants as that sought against appellee in case No. 3479. Appellee filed a general demurrer in No. 3420 alleging that the complaint did not state facts sufficient to constitute a cause of action against him. On October 5, 1949, the trial court

sustained the demurrer and dismissed the complaint as to appellee. Appellant then proceeded against the insurance company but took a non-suit against it on April 26, 1950, and filed the instant suit (No. 3479) on September 8, 1950.

The sole issue on this appeal is whether the order of October 5, 1949, sustaining appellee's demurrer and dismissing the complaint in case No. 3420 is *res judicata* and conclusive of appellant's rights against appellee in the instant action. The well-established general rule is that a judgment sustaining a demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action is an adjudication on the merits which bars another action on the same facts. 50 C. J. S., Judgments, § 643b; 41 Am. Jur., Pleading, § 251.

This court has consistently followed the general rule. It was held in *McNeese* v. *Raines,* 182 Ark. 1091, 34 S. W. 2d 225, that a circuit court judgment sustaining a demurrer to a complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant was a final and appealable order and became a decision upon the merits of the case. The court said: "It is well settled in this State that a judgment sustaining a demurrer is equally conclusive by way of estoppel of the facts admitted in the demurrer as a verdict finding the same facts would have been. The reason is that the judgment is upon the merits of the action as presented by the complaint and admitted by the demurrer and is as effectual as if there had been a verdict upon the same facts, for they are established by way of record in either case. When the facts are established, the litigation as between the same parties and their privies is at an end. Therefore, when the party declines to plead further and judgment is rendered against him, it is a final one. *Luttrell* v. *Reynolds,* 63 Ark. 254, 37 S. W. 1051, and *Barrentine* v. *Henry Wrape Co.,* 113 Ark. 196, 167 S. W. 1115. Numerous other cases to the same effect might be cited, but the rule is so well settled as to render this unnecessary." See, also, *Tri-*

*County Highway Improvement Dist.* v. *Vincennes Bridge Co.,* 170 Ark. 22, 278 S. W. 627; *Robinson* v. *Pringle,* 196 Ark. 219, 117 S. W. 2d 25.

The rule is otherwise where plaintiff fails on demurrer in the first action from the omission of an essential allegation in his complaint which is fully supplied in the second suit. In such case the judgment in the first action is no bar to the second although the respective actions were instituted to enforce the same right. *Barrentine* v. *Henry Wrape Co., supra.*

Appellant insists that the particular matter which he seeks to litigate in the instant suit was not determined in the first suit because that action was filed under the belief that his contract for repairs was with Service Fire Insurance Co., and that appellee was merely acting as agent of the insurance company. An examination of the respective complaints in the two actions refutes this contention. Appellant alleged the same facts, the same cause of action and sought the same relief against both appellee and the insurance company in the first suit as he alleged against appellee in the instant action. It follows that the judgment of October 5, 1949, sustaining the demurrer of appellee to the complaint in case No. 3420 was a final order going to the merits and from which no appeal was taken. The trial court correctly held that this judgment was conclusive of all issues raised in the instant case and a complete bar against maintenance of the present action.

Affirmed.