ANDREWS *v.* VICTOR METAL PRODUCTS.

5-3137                                         374 S. W. 2d 816

Opinion delivered January 20, 1964.

[Rehearing denied Feb. 24, 1964.]

*Frank Lady* and *H. M. Ellis,* for appellant.

*Pickens, Pickens & Boyce,* for appellee.

JIM JOHNSON, Associate Justice. This is an action for damages allegedly resulting from a firing in violation of the terms of a labor contract. The action was brought by a former employee against the employer.

On March 12, 1959, appellant Clara Andrews was discharged by her employer, appellee Victor Metal Products Corporation. Appellant applied for unemployment benefits, which were denied. Appeals were taken under the Employment Security Act up through the Jackson Circuit Court. That court found that the record compiled in the appellate process contained substantial evidence to support the administrative findings of appellant's disqualification for unemployment benefits. A judgment was entered denying appellant such benefits. No appeal was taken from that judgment. That case was number 2040 in the Jackson Circuit Court.

Sometime after the commencement of the action for unemployment compensation, appellant filed the present suit against appellee in Jackson Circuit Court for damages for breach of her employment contract. At the time appellant was fired, appellee had an agreement with

A. F. L. Local 230, Aluminum Workers International Union, of which appellant was a member in good standing. The contract provided in part as follows:

"Article II. Section 2. The company has the right to discharge or suspend any employee for cause, including failure to comply with published or posted plant rules and the terms of this agreement. Such employee and president of the Local Union shall be advised in writing by the Company within 24 hours of such discharge (excluding Saturday and Sunday) of the reason for such discharge or suspension; and the employee shall have the right to question if the discharge or suspension was for cause or violation of such plant rules or the terms of this agreement by appeal in writing within three working days through the grievance procedure established herein, including arbitration."

Appellant contends that she received no written notice of the termination as provided in the company-union contract, and that she was thus prevented from following the grievance procedures. In response to request for admissions, appellee specifically admitted that, "Victor Metal Products Corporation never at any time between March 12, 1959, and September 15, 1960, advised Clara Andrews in writing of the reason for her discharge because of the fact that she was present at the discharge and informed personally and had knowledge. Advice was given in writing after claim for Employment Security Benefits was filed."

Appellee answered appellant's complaint by general denial and entered a plea of res judicata. In support of such plea the judgment rendered in Jackson Circuit Court case No. 2040 was made a part of the record. On January 23, 1962, the trial court sustained appellee's plea of res judicata and dismissed appellant's complaint. An appeal to this court followed. With only a partial record of the proceedings in Jackson Circuit case no. 2040 before us on that appeal, we, on October 15, 1962, reversed the trial court's judgment and remanded the cause for further proceedings. See *Andrews* v. *Victor Metal Products Corp.*, 235 Ark. 568, 361 S. W. 2d 19.

Upon remand appellee, at a hearing before the Circuit Court on February 22, 1963, presented a motion for summary judgment and introduced into evidence the entire transcript as well as the trial briefs in Jackson Circuit case no. 2040. Thereupon the trial court again dismissed appellant's complaint, stating, ''That the issues in the cause having been previously tried by this court in Circuit case no. 2040, plaintiff is estopped to bring this action.'' From this second dismissal, appellant prosecutes the present appeal.

For reversal appellant urges two points which are closely related, if not identical, which are: (1) the issues in this cause have not been previously tried by the Jackson Circuit Court in case no. 2040, and (2) appellant is not estopped to bring this action.

With the complete record in the Jackson Circuit case no. 2040 before us on the present appeal, it appears that that case was tried according to the terms of the Employment Security Act, Ark. Stat. Ann. §§ 81-1101-81-1122 (Repl. 1960). Section 81-1105 sets forth the conditions of eligibility for unemployment compensation; Section 81-1106 sets forth the conditions of disqualification among which is subsection (b) (1) which reads as follows:

''If he is discharged from his last work for misconduct in connection with the work. Such disqualification shall be for eight (8) weeks of unemployment as defined in subsection (i) of this section.''

The record reveals that appellant was fired from her employment and thereafter filed a claim for unemployment benefits under the provisions of Ark. Stat. Ann. § 81-1107 (Repl. 1960). The Employment Security Division local office made a determination that appellant was disqualified for compensation under the provisions of § 81-1107 (b) (1) in that appellant was discharged for insubordination. Under the provisions of § 81-1107 (d) (2) an appeal was taken from the decision of the agency to an Appeals Referee. The Referee affirmed the determination of the agency and from such affirmance

an appeal was taken, under the provisions of § 81-1107 (d) (3), to the Board of Review. The Board of Review upon a hearing affirmed the findings of the Appeals Referee and from such affirmance appellant, under the provisions of § 81-1107 (d) (7), appealed to the Jackson Circuit Court. The only jurisdiction the circuit court had in regard to judicial review of the decision of the Board of Review is set forth in § 81-1107 (d) (7):

"In any proceeding under this subsection the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, will be conclusive and the jurisdiction of said court shall be confined to questions of law."

The circuit court, in making its ruling in case no. 2040, advised the attorneys of record by letter as follows:

"It is the opinion of the court that the contract between the Petitioner [appellant] and Victor Metals in no way binds or affects the State of Arkansas. The decision of the Board of Review is affirmed by this court."

Appellee earnestly contends that the central and determinative issue in Jackson Circuit case no. 2040 was whether appellant was legally discharged under the terms of the union contract when the company failed to give the written notice which the contract called for. It is true that appellant included argument on the violation of the terms of the contract in her brief submitted to the circuit court, however, there is no indication from the record that the labor contract had nor, under the particular facts in that case, could have had (*Robertson* v. *Evans*, 180 Ark. 420, 21 S. W. 2d 610) any bearing whatever on the decision reached by the Agency, the Appeals Referee, the Board of Review, or the Circuit Court. In our view the sole question involved in Jackson Circuit case no. 2040 was, simply, whether appellant was eligible for unemployment compensation benefits under the provisions of the Employment Security Act.

This being so, we find that Jackson Circuit case no. 2040 is not res judicata to the present common law action

544

which grew out of a contractual relationship between appellant and appellee. See generally, *Clark* v. *Whitney,* 194 Ark. 858, 109 S. W. 2d 930.

Reversed and remanded.