## HALE v. AMERICAN FIRE & CASUALTY CO.
### Civ. A. No. 2299.

United States District Court
W. D. Louisiana, Monroe Division.
Dec. 17, 1948.

J. B. Dawkins, of Monroe, La., for plaintiff.

Albin P. Lassiter, of Monroe, La., for defendant.

DAWKINS, Chief Judge.

Petitioner sued defendant alone as the insurer of her son's automobile for damages arising from personal injuries alleged to have been caused by his negligent operation of said automobile, the pertinent recitals of the complaint being as follows:

"Petitioner now shows that the said Lelas L. Hale, and the automobile owned and operated by him was covered by policy number 358882, insuring the said Lelas L. Hale and any person or passenger lawfully therein against any loss occasioned by the operation of said automobile; which policy was issued by Troy and Nichols Insurance Agency of Monroe, Louisiana, the duly appointed agents for the said American Fire and Casualty Company.

"Petitioner now shows that while on said trip, and while she was riding in the automobile so insured and operated by the said Lelas L. Hale, the owner and the insured, and while the said Lelas L. Hale was driving same at a rate of speed in excess of sixty miles per hour, that the said Lelas L. Hale in driving around a curve at said speed suddenly came upon another car which was parked in said highway, or was making such slow progress as to block said highway and before the said Lelas L. Hale could apply his brakes and thereby prevent a collision, that he crashed into the rear of said car causing to your Plaintiff herein the injuries and disabilities hereinafter alleged."

On motion for particulars as to where the accident had happened, complainant amended and added the following:

"In amendment and supplement to the allegations contained in the second paragraph of Plaintiff's original Petition, Plaintiff avers that on or about June 7, 1947, she and her son, Lelas L. Hale, also a resident of Ouachita Parish, Louisiana, left the latter's home in Monroe, Louisiana, for the purpose of visiting Petitioner's daughter who was a resident of Little Rock, Arkansas. That said trip was taken mostly for the benefit of Plaintiff herein, and that in order to induce her said son to drive her to visit her daughter who was likewise his sister, that Petitioner herein purchased the gasoline consumed and to be consumed on said trip.

"In supplement to the allegations of the fourth paragraph of her original Petition,

274

Petitioner now shows that when she and her son had reached a point in the State of Arkansas, approximately eight miles south of Little Rock, that the car owned by and operated by the said Lelas L. Hale, collided with the rear of an automobile operated by one B. G. Daniel, a resident of Fort Smith, Arkansas."

Defendant then filed an exception of no cause or right of action (insufficient facts to show her entitled to relief) in that under the law of Arkansas, where the accident happened, when occupying the relationship to the insured as disclosed in the pleadings, she has no right to recover for such injuries.

Pertinent provisions of the Arkansas statute, where the accident happened, are as follows:

From Pope's Digest 1937

"H-1. Actions by Guest in Automotive Vehicle Prohibited.

"§ 1302. Action by guest in automotive vehicle prohibited when.

"That no person transported as a guest in any automotive vehicle upon the public highways of this State shall have a cause of action against the owner or operator of such vehicle for damages on account of any injury, death or loss occasioned by the operation of such automotive vehicle unless such vehicle was wilfully and wantonly operated in disregard of the rights of the others.

"Section 1, act 61 of 1935, approved Feb. 20, 1935.

"Note: See also Sec. 1304.

"§ 1303. Guest defined. The term guest as used in this Act shall mean self-invited guest or guest at sufferance.

"Id. Section 2.

"§ 1304. No Cause of action by person riding in motor vehicle as a guest. No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering, or leaving such motor vehicle, provided this Act shall not apply to public carriers.

"Section 1, Act 179 of 1935, approved March 21, 1935."

The allegations of neither the original complaint, nor the amendment, amount to a charge of wilful negligence. Froman v. Kelley Stave & Heading Co., 196 Ark. 808, 120 S.W.2d 164.

In addition to the denial of a cause of action as to any guests, whether related or not, except for wilful negligence, Section 1304, quoted above, in its last sentence, declares that: "In no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, * * * provided this Act shall not apply to public carriers."

This case is governed by the law of Arkansas, where the accident occurred, and from the language last quoted, it would appear that "in no event * * *" (meaning substantially the same as "in no circumstances") except where the owner or operator of the vehicle is a public carrier, shall the injured persons have any cause of action against one so related. Of course, in order to recover against the insurer, the complainant must have a right of action against the insured, which in this instance, in view of the relationship of the parties, is denied to the mother as against her son.

The exception of no cause of action appears to be good and will be sustained.

Proper decree should be presented.