## HARLOW v. RYLAND.

### No. 13821.

United States Court of Appeals
Eighth Circuit.

Feb. 28, 1949.

Hendrix Rowell, of Pine Bluff, Ark. (Rowell, Rowell & Dickey, of Pine Bluff, Ark., and William J. Kirby, of Little Rock, Ark., on the brief), for appellant.

Henry W. Gregory, Jr. (Bridges, Bridges, Young & Gregory, and John H. Jones, all of Pine Bluff, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The plaintiff (appellant) has appealed from a judgment dismissing her complaint in an action to recover damages for personal injuries which she sustained while riding as a passenger in an automobile driven by the defendant (appellee), who is her nephew. The effect of the judgment was to uphold the constitutionality of an Arkansas "guest statute," § 1304 of Pope's Digest of the Statutes of Arkansas, being Act 179 of the Acts of the General Assembly of the

State of Arkansas for the year 1935.[1] The opinion of the District Court is reported in 78 F.Supp. 488.

The plaintiff is a citizen of Louisiana and the sister of the defendant's father. The defendant is a citizen of Arkansas. On June 17, 1947, the plaintiff, while riding in an automobile owned and operated by the defendant, was injured when it collided with another automobile near the town of Roe, in Monroe County, Arkansas. She alleged in her complaint that the collision and her injuries were due to the wilful and wanton negligence of the defendant, who, over her protests, attempted to pass, in a cloud of dust, a car traveling in the same direction, and collided with an on-coming car. She asked for judgment for $23,790.78.

The defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The sole basis for the motion was that, because of § 1304 of Pope's Digest, Act 179 of 1935, the plaintiff has no cause of action against the defendant, he being her nephew.

The plaintiff, in her response to the defendant's motion to dismiss, asserted that the provision of the statute purporting to deprive her of any cause of action against him for wilful and wanton negligence is unconstitutional, being in contravention of: (1) Article II, Section 13, of the Constitution of the State of Arkansas, which, in part, provides: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character * * *"; (2) the due process clause of Article II, Section 8, of the Constitution of the State; and (3) the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

The constitutionality of the Arkansas "guest statutes" was attacked in the case of Roberson v. Roberson, 1937, 193 Ark. 669, 101 S.W.2d 961, a suit by a wife against her husband to recover for personal injuries allegedly caused by his negligent operation of the automobile in which she was a guest passenger. It was contended by the plaintiff in that case that the General Assembly of Arkansas was without power to deprive guest passengers in motor vehicles of any of their common law rights and remedies against negligent host drivers. The Supreme Court of Arkansas held that Act 61, Sections 1302 and 1303 of Pope's Digest, was constitutional. The court expressed doubt as to the constitu-

---

[1] The Arkansas "guest statutes" are Sections 1302, 1303 and 1304 of Pope's Digest of the Statutes of Arkansas, which read as follows:

"§ 1302. Action by guest in automotive vehicle prohibited when. That no person transported as a guest in any automotive vehicle upon the public highways of this State shall have a cause of action against the owner or operator of such vehicle for damages on account of any injury, death or loss occasioned by the operation of such automotive vehicle unless such vehicle was wilfully and wantonly operated in disregard of the rights of the others.

"§ 1303. Guest defined. The term guest as used in this Act shall mean self-invited guest or guest at sufferance.

"§ 1304. No Cause of action by person riding in motor vehicle as a guest. No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering, or leaving such motor vehicle, provided this Act shall not apply to public carriers."

Sections 1302 and 1303 are Sections 1 and 2 of Act 61 of the Acts of the General Assembly of the State of Arkansas for the year 1935, approved February 20, 1935. Section 1304 is Section 1 of Act 179 of the Acts of the same General Assembly, and was approved March 21, 1935.

tionality of the provision of Act 179, Section 1304 of Pope's Digest, which deprives guest passengers who are close relatives of the owner or operator of a motor vehicle, of all causes of action against him for personal injuries, regardless of the degree of negligence involved. The court, however, found it unnecessary to decide the question of the constitutionality of Act 179, since the plaintiff was a guest of her husband and had not alleged that the "vehicle was wilfully and wantonly operated in disregard of the rights of the others," and her action was therefore barred by Act 61. It is apparent that Roberson v. Roberson, supra, is authority for the proposition that the Constitution of the State of Arkansas does not preclude the General Assembly from altering common law remedies of gratuitous guest passengers in automobiles.

It is conceded that the constitutionality of the provision of Act 179 which is challenged by the plaintiff in the instant case has never been ruled upon by the Supreme Court of the State of Arkansas. The provision has survived for nearly fourteen years. So far as we are advised, no court in Arkansas has held it to be invalid. It has apparently been assumed to be the law by the bench and bar of the State since the decision in the Roberson case. See Tilghman v. Rightor, 211 Ark. 229, 199 S.W.2d 943, 945. Counsel for the plaintiff, who are members of the Arkansas bar, state in their brief that the Supreme Court of Arkansas in the Roberson case "has plainly indicated that it will hold Act 179 unconstitutional, if and when the question is brought before it." The force of this assertion is much impaired by the fact that, while the courts of the State were available to the plaintiff and by bringing her action in a state court she could readily have secured a definitive ruling from the State Supreme Court, she nevertheless chose to bring her action in a federal court.

If the constitutionality of Act 179 had been challenged by a declaratory judgment action, the dismissal of the complaint would be sustained "on the ground that, in the appropriate exercise of the court's discretion [to refrain from deciding doubtful questions of state constitutional law], relief by way of a declaratory judgment

should have been denied without consideration of the merits." Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 301, 302, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407. See, also, Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 471, 65 S.Ct. 1384, 89 L.Ed. 1725.

In Meredith v. Winter Haven, 320 U.S. 228, 234–236, 64 S.Ct. 7, 88 L.Ed. 9, the Supreme Court specified the exceptional circumstances under which federal courts will exercise the discretionary powers of courts of equity in declining to decide doubtful questions of state law. The court said page 236 of 320 U.S., page 12 of 64 S.Ct., 88 L.Ed. 9:

" * * * So too a federal court, adhering to the salutary policy of refraining from the unnecessary decision of constitutional questions, may stay proceedings before it, to enable the parties to litigate first in the state courts questions of state law, decision of which is preliminary to, and may render unnecessary, decision of the constitutional questions presented. Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; cf. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876."

█ It is our understanding that in a case such as the one before us, where the jurisdiction of the District Court as a court of law is invoked, that court must decide questions of state law no matter how doubtful, difficult or speculative they may be. Meredith v. Winter Haven, supra, page 234 of 320 U.S., page —— of 64 S.Ct., 88 L.Ed. 9; Markham v. Allen, 326 U.S. 490, 495, 496, 66 S.Ct. 296, 90 L.Ed. 256; cf. Great Lakes Dredge & Dock Co. v. Huffman, supra, pages 297, 298 of 319 U.S., pages 1072, 1073, of 63 S.Ct., 87 L.Ed. 1407; and Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 171, 173, 62 S.Ct. 986, 86 L.Ed. 1355. Nevertheless, what the Supreme Court of the United States has said with respect to the federal courts, as courts of equity, refraining whenever possible from ruling upon the constitutionality of a state statute in advance of a decision by the highest court of the state, indicates that, in a case where a federal district court may not remit the parties to the state courts for a

definitive answer to the problem of the constitutionality of a state statute, the court may and should resolve every doubt in favor of the validity of the statute.

We are not prepared to say that the Constitution of the State of Arkansas prohibits the General Assembly of the State, in the exercise of the police power of the State, from requiring those who are closely related to the owner or operator of a motor vehicle in which they accept free rides, to assume all the risks of injury due to the negligent operation of the motor vehicle. Primarily, it is for a state legislature to prescribe the remedy for vexatious, collusive and fraudulent litigation arising out of automobile accidents. We are satisfied that Act 179 does not conflict with the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. See Silver v. Silver, 280 U.S. 117, 50 S.Ct. 57, 74 L. Ed. 221.

The Supreme Court of Arkansas is, we think, entitled to have the first and last word with respect to the validity, under the State Constitution, of the statutory provision in suit. It is our conclusion that the District Court and this Court are justified in assuming and deciding that the provision is constitutional unless and until the Supreme Court of Arkansas shall have ruled otherwise.

The judgment appealed from is affirmed.