EMBERSON *v.* BUFFINGTON.

5-1357                                                  306 S. W. 2d 327

Opinion delivered October 28, 1957.
[Rehearing denied November 25, 1957.]

*Donald Poe,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

CARLETON HARRIS, Chief Justice.   This appeal involves the constitutionality of Section 75-915, Ark. Stats. (1947) Anno., which was passed by the 1935 General Assembly as Act 179.   The pertinent part of this statute which is under attack, provides as follows:

"*   *   *   And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or **heirs of such** person have a cause of action for personal injury, including death resulting therefrom, against such owner

or operator while in, entering, or leaving such motor vehicle, provided this act shall not apply to public carriers."

Dave Buffington, on September 7, 1955, was the owner of, and operating on the highway, a 1950 Chevrolet, on his way from Waldron to Benton. Riding with him as passengers were his wife, Julia Buffington, his mother-in-law, Mrs. Martha Emberson, his father-in-law, Horatio B. Emberson, his sister-in-law, Bertha West, and his nephew, Donald Ray West, a minor. During the course of the journey, the automobile was wrecked, and subsequent thereto, complaints for damages were filed against Buffington by Martha Emberson, Bertha West and Leon West, her husband, Leon West as administrator of the estate of Horatio B. Emberson (who died December 24, 1955), Leon and Bertha West as next friends of Donald Ray West, a minor, and Leon West in his own right. The Logan Circuit Court dismissed the complaints on the basis of the language in the statute quoted above. From such order of dismissal comes this appeal.

Section 13 of Article II of the Arkansas Constitution (1874) provides as follows:

"Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase, completely, and without denial, promptly and without delay, conformable to the laws."

Oddly enough, though the statute in question was passed over twenty-two years ago, the constitutionality of same has not been attacked in any case reaching this Court. In the case of *Roberson* v. *Roberson,* 193 Ark. 669, 101 S. W. 2d 961, this Court passed upon the validity of Act 61 of 1935, commonly known as the "Guest Liability Act," (Sec. 75-913, Ark. Stats. Anno.), and made mention of Act 179; under the facts in that litigation, however, it was not necessary to pass upon the validity of Act 179 in disposing of the case. The two acts are very similar. Section 75-913 (Act 61) provides as follows:

"No person transported as a guest in any automotive vehicle upon the public highways of this State shall have a cause of action against the owner or operator of such vehicle for damages on account of any injury, death or loss occasioned by the operation of such automotive vehicle *unless such vehicle was wilfully and wantonly operated in disregard of the rights of the others.*"[1]

The language in the first part of Section 75-915 (Act 179) reiterates the intent of Section 75-913, and then proceeds to add the language quoted at the outset of this Opinion. In the *Roberson* case, *supra,* the late Justice FRANK G. SMITH, in a very comprehensive opinion, discussed the constitutional provisions from other states which are similar to the provisions of our own constitution herein cited. In the Oregon case of *Stewart* v. *Houk,* 127 Ore. 589, 271 Pac. 998, 272 Pac. 893, the Oregon Supreme Court held unconstitutional a statute of that state which provided that "The acceptance of a free ride as a guest in a motor vehicle shall be presumed to be a waiver of said guest for liability of accidental injury caused by the owner or driver of such motor vehicle." The act was held to be violative of Section 10, Article I, of the Oregon constitution. On rehearing, the attention of the Oregon court was called to the Connecticut case of *Silver* v. *Silver,*[2] 108 Conn. 371, 143 Atl. 240. Justice SMITH quoted the Oregon opinion on rehearing as follows:

"* * * The court interpreted the act as freeing the host from liability to a nonpaying guest for injury caused by ordinary negligence only. * * * Since the act preserved liability in instances where the injury was inflicted intentionally, heedlessly, or through reckless disregard for the rights of others, and withheld liability only to a nonpaying guest for ordinary negligence, the court reasoned that the purpose of the act was to fix the measure of care a host owed to his guest. * * *

---

[1] Emphasis supplied.

[2] This case was appealed to the Supreme Court of the United States where it was affirmed in an opinion by Justice Stone in 280 U. S. 117.

In our previous decision we pointed out what we believe are unreasonable features of the Oregon act. It seems to us that these identify our act, not as an effort of the police power to regulate the operation of automobiles by prescribing the duty of host to guest, but as one wherein this element of the situation remains untouched, and the sole change effected is the denial of the remedy to the injured guest. We are persuaded to this conclusion by the fact that all injured guests are denied access to the courts, regardless of their capacity or incapacity to care for themselves, and regardless of the degree of carelessness exhibited by the injuring act. Such being the purpose of the act, we felt it was in conflict with Article I, Sec. 10, of our Constitution. The Connecticut constitution contains a similar provision. Article I, Sec. 12. No contention, apparently, was advanced in the Connecticut court that the act violated this constitutional guaranty, and the decision makes no mention of that clause. The reason for this silence, no doubt, lies in the fact that, since the Connecticut act prescribes a degree of care which was deemed reasonable, and thus accomplishes an objective, within the police power of the state, Article I, Sec. 12, was inapplicable. Such provisions, as we pointed out before, prohibit the Legislature from withholding a remedy, where the breach of a well-established duty has injured one who now seeks relief. In our case, the act does not endeavor to readjust the duty, but attempts to abolish the remedy; in the Connecticut case, the act revised the duty, and afforded redress to all injured through a breach thereof.

We find no conflict between the Connecticut decision and the one we previously announced.  *  *  *"

Justice SMITH then said:

"*  *  * It will thus be observed that the Supreme Court of Oregon in effect approved the Connecticut case, but distinguished the one case from the other upon the difference in the provisions of the statutes construed, one of which wholly denied the right to sue, while the other prescribed the conditions upon which the suit might be maintained. In this connection it may

be said that Sec. 10 of Article I, of the Oregon Constitution and Sec. 12 of Article I, of the Connecticut Constitution, referred to in the Oregon opinion, were said to be, and, in fact, are, similar, and neither is substantially different from Sec. 13, Article II of our Constitution, all being to the effect that every person is entitled to a certain remedy in the law for all injuries or wrongs he may receive in his person, property, or character. * * *"

Further:

"* * * If this Connecticut case of *Silver* v. *Silver* is sound law, as the Supreme Court of Oregon conceived it to be (in which view we concur), it is decisive of the constitutionality of our Act 61. In that case the Supreme Court of Errors of Connecticut upheld as constitutional a statute of that state which relieved the owner or operator of an automobile from liability to a guest 'unless the accident shall have been intentional on his part or caused by his heedlessness or his reckless disregard of the rights of others.' * * *"

Justice SMITH also cited the Delaware case of *Coleman* v. *Rhodes,* (Del.) 5 W. W. Harr. 120, 159 Atl. 649, wherein the Supreme Court of Delaware declared unconstitutional a statute of that state relieving the operator or owner of a motor vehicle from any liability whatsoever for injuries suffered or sustained by any person while riding with the owner or in the owner's car free of charge. The same court, in the latter case of *Hazzard* v. *Alexander,* (Del.) 6 W. W. Harr. 212, 173 Atl. 517, held valid a subsequent statute which provided there should be no cause of action against an operator of an automobile for death of, or damage to, a gratuitous guest unless the accident was intentional or caused by willful or wanton disregard of the rights of others. Justice SMITH then made this pertinent observation:

"* * * Under the reasoning of these and other cases cited, in the note to the text quoted, it might be that Act 179 is unconstitutional, whereas Act 61 is valid, *the difference being that Act 179 denies the right of re-*

*covery to certain persons under any circumstances, whereas Act* 61 *denies the right of recovery to all persons riding as guests 'unless such vehicle was wilfully and wantonly operated in disregard of the rights of others.'*[3] But if Act 61 is constitutional and is applicable to the facts of this case, it is unnecessary to consider Act 179 or to pass upon its constitutionality, for the reason that Act 61 defeats a recovery in this case, it not being alleged or shown that appellant had wilfully and wantonly operated his car in disregard of the rights of others. * * *"

Appellee cites the case of *Tilghman, Administrator* v. *Rightor,* 211 Ark. 229, 199 S. W. 2d 943, in which case this Court approved an instruction that had been given to the jury quoting Act 179 in its entirety. However, that case involved hitchhikers, unrelated to the driver or owner of the vehicle, and the only pertinent portion of the instruction was that part relating to gratuitous guests. At any rate, that part of the statute here under attack was not relevant in the *Tilghman* case, nor was the constitutionality of the act questioned. Appellee cites two federal cases, *Harlow* v. *Ryland,* which was heard in the district court for the Eastern District of Arkansas, Western Division,[4] later appealed to the U. S. Circuit Court of Appeals,[5] and the case of *Hale* v. *American Fire & Casualty Company,* 81 F. Supp. 273.

In the first case, Mrs. Harlow was injured in an automobile accident while riding as a guest with her nephew. She instituted suit against the nephew in the Federal District Court. In dismissing the suit because of the Act here in question, the court said:

"* * * Federal courts are slow to hold the statutes of a state in conflict with the state constitution, where there has been no decision of the court of last resort of that state upon that issue. * * *"

In affirming, the Circuit Court of Appeals used the following language:

---

[3] Emphasis supplied.
[4] 78 F. Supp. 488.
[5] See 172 F. 2d 784.

"* * *. The Supreme Court of Arkansas held that Act 61, Sections 1302 and 1303 of Pope's Digest, was constitutional. The Court expressed doubt as to the constitutionality of the provision of Act 179, Section 1304 of Pope's Digest, which deprives guest passengers who are close relatives of the owner or operator of a motor vehicle, of all causes of action against him for personal injuries, regardless of the degree of negligence involved. The Court, however, found it unnecessary to decide the question of the constitutionality of Act 179, since the plaintiff was a guest of her husband and had not alleged that the 'vehicle was willfully and wantonly operated in disregard of the rights of the others,' and her action was therefore barred by Act 61. * * *

"It is conceded that the constitutionality of the provision of Act 179 which is challenged by the plaintiff in the instant case has never been ruled upon by the Supreme Court of the State of Arkansas. The provision has survived for nearly fourteen years. So far as we are advised, no court in Arkansas has held it to be invalid. * * *

"The Supreme Court of Arkansas is, we think, entitled to have the first and last word with respect to the validity, under the State Constitution, of the statutory provision in suit. It is our conclusion that the District Court and this Court are justified in assuming and deciding that the provision is constitutional unless and until the Supreme Court of Arkansas shall have ruled otherwise. * * *"

In the *Hale* case, *supra*, which was before the Federal District Court for the Western Division of Louisiana, Monroe Division, the court said:

"* * * This case is governed by the law of Arkansas, where the accident occurred, and from the language last quoted, it would appear that 'in no event' * * * (meaning substantially the same as 'in no circumstances') except where the owner or operator of the vehicle is a public carrier, shall the injured persons have any cause of action against one so related. Of course, in order to recover against the insurer, the complainant

must have a right of action against the insured, which in this instance, in view of the relationship of the parties, is denied to the mother as a g a i n s t her son. * * *,,

It, of course, as pointed out in the *Ryland* case,[6] *supra,* generally accepted that it is within the province of the state courts to first pass upon the validity of state acts, and their construction will be controlling unless such construction be in conflict with provisions of the Federal Constitution. Federal courts would not be expected to take the initiative in declaring state legislative acts invalid as conflicting with a state constitution. These cases are accordingly not persuasive.

In Blashfield's Cyclopedia of Automobile Law and Practice (Vol. 4, part 1, Chapter 64) is found a rather exhaustive discussion of the subject generally of the host's liability to a guest, and a number of cases are cited. On page 363 is found this language:

"While statutes of this character, which look primarily to abolition of guest's remedy for injuries, have been held unconstitutional as violative of constitutional provisions that every man shall have a remedy by due course of law for injury done him in his person, property or reputation, where the legislation emphasizes the restriction on the operator's duties rather than on the guest's remedies, statutes in this form have in general been held good as against constitutional objections, and regarded as a proper exercise of the police power and not violative of the process clause; but statutes of more comprehensive nature which undertake to relieve an automobile operator from all liability for injuries suffered by a non-paying passenger, whatever the degree of negligence, have been held unconstitutional."

From American Jurisprudence, Volume 5, Section 238, page 633:

"The view has been taken, however, that the guest cannot, by statute, be deprived of all remedy against the

---

[6] Our own Court, in *Harlow* v. *Ryland,* 218 Ark. 659, 238 S. W. 2d 502, held the judgment rendered in the Federal District Court and affirmed by the Circuit Court of Appeals, to be *res judicata* and therefore conclusive on appellant.

owner or operator. Such abolition violates a constitutional provision giving every man a remedy by due course of law for injury done him in his person or property.''

The statute cannot be upheld as a proper exercise of police power. In *Fiser* v. *Clayton, State Treasurer,* and *Clayton, State Treasurer* v. *McAmis,* 221 Ark. 528, 254 S. W. 2d 315, the late Chief Justice GRIFFIN SMITH said:

''* * * Of course the legislature, in exercising the state's police powers, has a wide discretion within which it may determine what the public interest demands, and what measures are necessary to secure and promote such requirements. The only limitation upon power to enact statutes tending to promote the health, peace, morals, education, good order, and welfare of the public is that the legislation must reasonably tend to correct some evil and promote some interest of the commonwealth *not violative of any direct or positive mandate of the constitution.*[7] * * *''

Here, the contested portion of the statute is plainly violative of the constitutional provision, and, accordingly, though with some reluctance, we deem and hold such part to be unconstitutional. The first part of Section 75-915 is not affected by this holding, for it is not in violation of Section 13 of Article II (under the same reasoning applied to Act 61 in *Roberson, supra*), and its provisions are able to stand alone without that part, herein held to be invalid. As early as 1881, Chief Justice ENGLISH, in the case of *State of Arkansas* v. *Kate Marsh,* 37 Ark. 356, said:

''* * * If some of the provisions of a statute violate the constitution, while others are consistent with it, the latter will be maintained, if they can be separated from and stand without the unconstitutional and void parts of the law. The court will treat the unconstitutional parts as if they were stricken out of the statute. * * * Nor does it necessarily follow that because part

---

[7] Emphasis supplied.

of a section of an act is unconstitutional the whole section is therefore void. * * *''

This holding has been reiterated in many subsequent decisions.

The judgment of the Logan Circuit Court is reversed, and the case is remanded with instructions to proceed in a manner not inconsistent with this Opinion.

Justices HOLT, McFADDIN, and GEORGE ROSE SMITH, dissent.

GEORGE ROSE SMITH, J., dissenting. For the most part the guaranties contained in the bill of rights are expressed in language deliberately general in scope. Typically broad is the wording of the clause involved in this case: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character. . . ." Const., Art. 2, § 13. Language as sweeping as this unavoidably gives rise to difficult problems of construction when it must be applied in testing the validity of a statute.

In construing similar language the Supreme Court of Oregon went, I think, too far in the case of *Stewart* v. *Houk,* cited by the majority. There the court said in substance that such a constitutional provision is intended to preserve all causes of action recognized at common law. In holding the Oregon guest statute invalid the court declared that "if prior to the enactment of the Constitution a host, who transported without charge a guest, owed to the latter a duty to exercise care, and if the law recognized that a breach of that duty, with a resultant injury, afforded the guest a cause of action, this jural right the Constitution preserved against legislative abolishment." This ultra-literal reading of the bill of rights crystallizes all common law rights of action, putting them beyond the reach of legislative change to meet new conditions.

We have not in the past followed this extreme view, nor does the present majority opinion indorse it. In the *Roberson* case, for instance, we held that by the guest statute the legislature might abolish a guest's cause of action for injuries resulting from ordinary negligence on the part

of his host. Since that cause of action existed at common law it is clear that we have not construed the constitution as denying to the legislature all power to abolish established rights of action.

The question is how far the constitution permits the legislature to go in this direction. The majority say that the guest's remedy against his host may be restricted, as it was by the statute upheld in the Roberson case, but the constitution prevents the legislature from depriving the guest of all remedy against the owner or operator. Upon that premise Act 179 is declared to be unconstitutional.

To begin with, I think clarity of thought requires the issue to be stated in terms of causes of action and not in terms of remedies as between the guest and the host. When, for example, a guest is injured by the operator's ordinary negligence, the only cause of action that he ever had is abolished by Act 61 of 1935. It is misleading to say that his remedy against the host has merely been restricted; for he had only one remedy, and it has been done away with altogether. That some other guest injured by willful negligence may still have a cause of action does not alter the fact that the first guest, injured by ordinary negligence, has been completely deprived of his remedy. Thus it will not do to say that the legislature can restrict the remedy but cannot withdraw it entirely; we are talking about two different remedies instead of just one.

It seems plain that the guest statute sustained in the *Roberson* case abolished the cause of action for injuries resulting from simple negligence. The question now before us is whether the legislature can abolish the guest's cause of action altogether when he is related to the host within the third degree of consanguinity or affinity. I am unable to say that this step is forbidden by the constitution.

It is probable that every session of the legislature adopts one or more statutes doing away with some cause of action, however minor, that previously existed. Even fairly drastic measures have been upheld in the face of constitutional provisions similar to ours. In New York the court upheld an act abolishing civil actions for alienation of affections, criminal conversation, seduction, and breach

of promise to marry. *Fearon* v. *Treanor*, 272 N. Y. 268, 5 N. E. 2d 815, 109 A. L. R. 1229. In Texas the common law permits suits against municipal corporations for negligence, but a statute abrogating such causes of action was sustained. *Lebohm* v. *City of Galveston*, 154 Tex. 192, 275 S. W. 2d 951. In the latter case the court announced what seems to me to be the correct rule: ''Thus it may be seen that legislative action withdrawing common-law remedies for well established common-law causes of action . . . is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable.''

I think the only question here is whether the legislature acted arbitrarily in abolishing the guest's cause of action for willful and wanton negligence (which is all the present complaint alleges) when there is the required degree of kinship between the parties. I cannot say that the statute is so unreasonable that fair-minded men might not consider it a proper exercise of the state's police power. The original guest statute was upheld as being designed to prevent collusive suits. The danger of collusion is evidently much greater when the plaintiff and defendant are closely related. It is true, as the court observed in the *Fearon* case, *supra*, that the act may also prevent the maintenance of specific cases that are justified. The same criticism can equally well be made of the act denying the guest a cause of action for ordinary negligence. Whether the act will in the long run accomplish more good than harm is a matter of judgment, on which I think we should defer to the legislature in the absence of a clear showing that the statute is arbitrary.

HOLT and MCFADDIN, JJ., join in this dissent.