BANKO *v.* GARVIN.

5-1742                                                      318 S. W. 2d 611

Opinion delivered December 15, 1958.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Charles A. Brown* and *Neill Bohlinger,* for appellee.

PAUL WARD, Associate Justice. The question here deals with the application of an automobile guest statute.

Appellee was injured while in an automobile belonging to and controlled at the time by appellant in a parking building in Little Rock.

The pertinent facts, in the main undisputed, leading up to this litigation are: Appellant, Dorris Banko, a nurse in the Navy, driving in her own car from California to her new station in Massachusetts, stopped at Little Rock, her former home, on October 31, 1957 to visit friends: She and her mother who was making the trip with her went to the home of appellee, Bula Garvin, and spent the night: The next morning the three persons mentioned drove down town in appellant's car preparatory to meeting another friend, Mrs. Thelma Ellis: It seems that appellant understood they would visit a few minutes with Mrs. Ellis during her noon recess hour at some place Mrs. Ellis would designate for temporary parking: However, as appellant was driving south on Louisiana Street and was approaching the intersection with 4th Street, Mrs. Ellis motioned to her to drive into the Newrock Parking Center which was just to appellant's right. Appellant accordingly drove into the parking center and stopped the car when Mrs. Ellis opened the right rear door and greeted her and her mother: At about this time appellant, at the direction of a parking attendant, after he had given her a claim check, started to move her car out of the entrance lane and over to the right side of the ground floor of the

parking area: As appellant attempted this maneuver she lost control of her car which began to gather speed, headed down a ramp at the rear of the building and collided with a concrete wall. Appellee was in the front seat of the car with appellant. As a result of the accident appellee was injured, and brought suit against appellant for damages, recovering a judgment in the amount of $5,000 in the trial court, from which comes this appeal.

From the briefs we understand it is agreed by both appellant and appellee that the evidence shows appellant was guilty of ordinary negligence but that she was not guilty of "willful misconduct" or that she "willfully and wantonly operated" the automobile in causing the collision which resulted in the injury; and also that appellee was a "guest" in appellant's car.

In view of the above the following situations are presented: (a) If Ark. Stats. 75-915 is in full force and effect, as contended by appellant, then the judgment of the trial court should be reversed, because there was no willful and wanton negligence shown and because it was not necessary, under that statute, for appellant to be driving on the *highway* at the time of the accident. (b) If on the other hand said § 75-915 has been repealed, as contended by appellee, the judgment should be affirmed, because appellant was shown to be negligent and because appellant is not protected by the other so called guest statutes which apply only when the automobile is being operated on the highway.

Briefly stated another way: Appellant says she is not liable because she is protected by the guest statute, § 75-915, which requires that she be shown guilty of willful and wanton negligence. Appellee says the guest statutes are not involved at all, and that appellant is accountable for ordinary negligence.

The trial court, by its instructions, adopted appellee's view over the objections of appellant.

To better understand the arguments pro and con on the above stated issue it is deemed necessary to set out the essential parts of the three ''guest statutes'' concerned, with the dates of their enactments.

*Act* 61 *of* 1935. (Referred to hereafter as Act A) Section 1. ''No person transported as a guest in any automotive vehicle upon the public highways of this State shall have a cause of action against the owner or operator of such vehicle for damages on account of any injury, death or loss occasioned by the operation of such automotive vehicle unless such vehicle was willfully and wantonly operated in disregard of the rights of others.'' (§ 75-913 Original Volume Ark. Stats.)

*Act* 179 *of* 1935 (Referred to hereafter as Act B) Section 1. ''No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicles, unless such injury shall have been caused by the willful misconduct of such owner or operator.'' (§ 75-915 Ark. Stats.)

*Act* 175 *of* 1955. (Referred to hereafter as Act C) Section 1. ''That no person transported as a guest in any automotive vehicle upon the public highways or in Aircraft being flown in the air, or while upon the grounds, shall have a cause of action against the owner or operator of such vehicle or Aircraft, for damage on account of any injury, death or loss occasioned by the operation of such automotive vehicle or Aircraft unless such vehicle or Aircraft was willfully and wantonly operated in disregard to the rights of others.'' (§ 75-913 in New Volume of Ark. Stats.)

We can find no sound or reasonable ground for appellee's contention that Act B has been repealed. Act A

was approved February 20, 1935, while Act B was approved March 21, 1935. Both statutes deal with guests while riding in automobiles, the former on the public highways and the latter not so limited. While it is true that the legislature might have combined both features in the same Act we know of no rule compelling it to do so. There is no contention, nor can we see how it could be reasonably contended, that Act A. repealed Act B. Consequently, if Act B has been repealed it must have been done by Act C. But an examination of Act C reveals that it only amended Act A, as is clearly shown by the enacting clause and the Act itself. If the legislature had intended to repeal Act B it would have been easy and natural to say so. Also, there appears a good reason why the legislature did not want to repeal Act B since it contained a provision (not copied above) dealing with guests who were related (to the driver) by blood or marriage (recently declared unconstitutional by this court in *Emberson* v. *Buffington*, 228 Ark. 120, 306 S. W. 2d 326). Because of this and other distinct differences between Act B and Act C we see no ground or reason for the application of the doctrine of repeal by implication which has been urged by appellee.

Nor can we agree with appellee's able argument to the effect that all three of the above mentioned statutes deal with the same subject matter ("same class of persons or things") and should be considered together. The result of appellee's argument would be that the last Act (Act C) replaces Act B. Supporting this argument appellee quotes the "General Rules" found in Vol. 82, C. J. S. at page 801, under § 366 entitled "Statutes Relating to Same Subject Matter in General." The gist of the rule is that such statutes should be harmonized if possible. In the same section mentioned above it is stated that ". . . although an act may incidently refer to the same subject as another act it is not in *pari materia* if its scope and aim are distinct and unconnected." It is obvious, we think, that the scope and aim of Act B are distinct and different from that of Act C.

While both deal with the same general subject of ''guest'' the scope is not confined to the public highways in the former as it is in the latter; the former deals with the degree of relationship while the latter doesn't, and; the latter deals with aircraft while the former doesn't.

To put these Acts in their right perspective we think it is important to bear in mind that they were originally designed to deal with liability to a guest (in an automobile) who might be negligently injured, and not to regulate traffic on the highways. This being true, it is altogether reasonable that the legislature chose, perhaps wisely, to give protection to drivers both on and off the public highways. Certainly it was foreseeable that guests might be injured in either event.

We find no merit in appellee's contention that the journey had come to an end and consequently no guest statute is involved. All the testimony shows that the journey had not ended but that appellee would have continued to ride with appellant after the short visit with Mrs. Ellis.

The judgment of the trial court is reversed and the cause of action is dismissed.