Honorable Mike Kinard State Senator P. O. Box 727 Magnolia, Arkansas 71753
Dear Senator Kinard:
This letter is in response to your March 16, 1987, opinion request wherein you posed the following question:
 May the General Assembly, by statute, offer immunity from suit for tort to members of boards of not-for-profit corporations organized for welfare or charitable purposes without violating the Constitution of the State of Arkansas?
For purposes of this opinion it is presumed the tort immunity proposed is limited to protecting individual members of such boards for their acts or omissions committed within the scope of their official duties. This opinion will address the two most likely constitutional challenges to such a statute. It would not violate either of these constitutional provisions as follows:
 ARTICLE V SECTION 32 OF THE CONSTITUTION OF THE STATE OF ARKANSAS.
Article V Section 32 of the Constitution of the State of Arkansas authorizes the General Assembly to enact laws prescribing the amount of compensation to be paid by employers for injuries or death of employees but also directs "otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or properties . . .".
Since a legislative grant of immunity does not limit "the amount to be recovered" but rather abolishes a cause of action, it is not violative of Article V Section 32.
ARTICLE II SECTION 13 OF THE CONSTITUTION OF THE STATE OF ARKANSAS.
Article II Section 13 of the Constitution of the State of Arkansas provides in pertinent part:
 "every person is entitled to a certain remedy in the loss for all injuries or wrongs he may receive in his person, property or character; . . .".
This section of the Constitution does not bar legislative grants of immunity where, as here, it constitutes a reasonable exercise of the police power and is in the interest of the general welfare. Emberson v. Buffington, 228 Ark. 120, 306 S.W.2d 327 (1957), upholding "Arkansas' Guest Statute". Also see, Hardin v. City of De Valls Bluff, 256 Ark. 483, 508 S.W.2d 559 (1974), upholding legislative grant of immunity for political subdivisions.
Secondly, you inquired whether such a statute would be unconstitutional if it only provided immunity for vicarious liability. Since such a statute granting immunity from liability for all torts appears constitutional, a grant of immunity limited to vicarious liability would likewise be constitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David S. Mitchell.