Honorable Doug Wood State Representative 215 North Claremont Sherwood, Arkansas 72119
Dear Representative Wood:
This is in response to your request for an opinion regarding Act 761 of 1987. You have asked the following specific questions in this regard:
 (1) In light of the State's constitutional prohibition against limiting recovery for redress of injury, can Act 761 be enforced to prevent a citizen from seeking redress against a contractor working for the Department of Pollution Control and Ecology in the disposal of hazardous waste?
 (2) If so, does the individual still have the right to file a claim against the Department of Pollution Control and Ecology?
It must be concluded that the answer to your first question is yes. As a general rule, in exercising its police powers, the State legislature may "create new [rights] or abolish old ones, and can make reasonable classifications as to the applicability of such legislation." Harlow v. Ryland, 78 F. Supp. 488, 492 (E.D.Ark. 1948), aff'd., 172 F.2d 784 (8th Cir. 1949) (citations omitted); Peugh v. Oliger, 233 Ark. 281, 286, 345 S.W.2d 610
(1961). It has been further stated that:
 . . . the legislature, in exercising the state's police powers, has a wide discretion within which it may determine what the public interest demands, and what measures are necessary to secure and promote such requirements. The only limitation upon power to enact statutes tending to promote the health, peace, morals, education, good order, and welfare of the public is that the legislation must reasonably tend to correct some evil and promote some interest of the commonwealth not violative of any direct or positive mandate of the constitution, or a mandate necessarily implied.
Fiser v. Clayton, State Treasurer and Clayton, State Treasurer v. McAmis, 221 Ark. 528, 534-35, 254 S.W.2d 315 (1953), citing Harlow v. Ryland, supra, at 493.
Article 2, Section 13 of the Arkansas Constitution states as follows:
 Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without denial, promptly and without delay, conformably to the laws.
It is significant to note that while Art. 2, 13 provides every person a "certain remedy," it is not a prohibition of limitation on recovery. The Arkansas Supreme Court ruling in Harlow v. Ryland, supra, offers guidance in this regard. The plaintiff in that case attacked a particular provision of the Arkansas "guest statutes", then codified as Sections 1302 — 1304 of Pope's Digest. The particular provision prohibited any cause of action by a passenger in the third degree of consanguinity or affinity of the owner or operator of a vehicle. The plaintiff contended that Article 2, Section 13 of the Arkansas Constitution provided a cause of action against her nephew for injuries she sustained in an accident while he was operating his car. The court rejected her claim, inferring that a statute will not be held in contravention of Article 2, Section 13 where it does not deny or abolish all remedies available to one injured. See Harlow v. Ryland, supra; Emberson v. Buffington, 228 Ark. 120, 128, 306 S.W.2d 327 (1957).
Acts 452 and 479 of 1985, codified as A.C.A. 8-7-401 — 404 and8-7-501 — 519, respectively, as amended by Act 761 of 1987, represent the General Assembly's exercise of its police powers with regard to the removal and cleanup of hazardous waste. Sections 2(i) and 4(h) of Act 761 amend 8-7-403 and 8-7-507, respectively, to set forth identical provisions regarding the liability of contractors assisting the Department of Pollution Control and Ecology as follows: . . . a contractor for the Department shall not be liable under this Act or under any other state law to any person for injuries, costs, damages, expenses, or other liability, including but not limited to claims for indemnification or contribution and claims by third parties for death, personal injury, illness or loss of or damage to property or economic loss which results from a release or threatened release of hazardous substances, except that the provisions of this paragraph shall not apply in case of a release that is caused by the conduct of the person taking response action which is negligent, grossly negligent, or which constitutes intentional misconduct.
In determining whether the prohibition of an action against a contractor, unless for negligence, gross negligence, or intentional misconduct, is in contravention of Article 2, Section 13, it is necessary to determine whether the Act represents a valid exercise of the state's police powers, in promoting the general welfare of the public, not inconsistent with that constitutional provision.
Given the need to protect the public and environment from the harmful effects associated with hazardous substances, it is reasonable to conclude that Act 761 represents a valid exercise of the state's police powers in preserving the public health and safety. In Harlow, the court inferred that a statute would not be found in contravention of Article 2, Section 13 where it does not deny or abolish all remedies available to an injured party. See Harlow, supra and Emberson v. Buffington, 228 Ark. 120, 128,306 S.W.2d 327 (1957).
While Act 761 prohibits or abolishes certain causes of action which may have been available to an injured person, the Act does not strip the injured of all remedies at law. It may therefore be concluded that Act 761 can be enforced to preclude citizens from maintaining certain causes of action against contractors working on behalf of the Department of Pollution Control and Ecology.
In response to your second question, the answer appears to be no. Pursuant to A.C.A. 8-7-410(e) and (f), (Cum. Supp. 1987) the Department of Pollution Control and Ecology is subject to liability where damages result due to gross negligence or intentional misconduct. Thus, unless liability is premised upon intentional misconduct or gross negligence, which is defined in terms of wilful, wanton, or reckless misconduct, the individual would have no cause of action against the Department of Pollution Control and Ecology.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.